STEPHEN CLEMENT

*v.*

CHARLES REITZ *et al.*

*Filed at Ottawa June 21, 1882.*

APPEAL—*whether a freehold involved.* A proceeding to establish and enforce a mechanic's lien against land, does not involve a question of freehold any more than a bill to foreclose a mortgage, and hence this court has no jurisdiction to review a decree giving the lien, in the first instance, by writ of error to the trial court, brought by one claiming an interest in the land.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. COOK & UPTON, for the plaintiff in error.

Mr. HENRY C. WHITNEY, and Mr. FRANCIS LACKNER, for the defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

A number of parties commenced separate proceedings against James C. Hyde and others, by petition, to establish mechanic's liens against the lands described in the several petitions, for materials furnished by petitioners to Hyde, which were used by him in the construction of a building on the premises called the Glen Flora Hotel. After answers and replications were filed, the several causes, by order of the court, were consolidated, and tried as one cause. On the hearing the circuit court ascertained the amounts due the several petitioners for materials by them respectively furnished to Hyde for use in the building, and made the same a lien on the property, and decreed that in default of payment of the same the premises be sold in the usual way in such cases. Stephen Clement, who was named as defendant with the principal defendant as having some interest in the property, brings the case directly to this court on error.

It would seem, in a case of this kind, the real question involved is, whether the land can be subjected to the lien of the mechanics or material-men. Payment of the sum ascertained to be due to them would relieve the land entirely from the lien established. How, then, is a freehold any more involved than in a suit to foreclose a mortgage? It has frequently been decided by this court that in a proceeding by bill to foreclose a mortgage a freehold is not involved. No difference in principle is perceived in the cases. In one case the lien is created by mortgage-deed, and in the other it is given by statute, and the proceeding in either case is simply to foreclose the lien.

As no question is involved in this litigation that would give this court jurisdiction in the first instance to hear the case, the writ of error must be dismissed, which is done.

*Writ of error dismissed.*