WILLIAM GOODKIND

*v.*

WILLIAM C. BARTLETT.

*Filed at Ottawa January 22, 1891.*

1. APPEAL—*whether a freehold is involved—generally.* A freehold, within the sense of the constitution and statute relating to appeals and writs of error, is involved only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

2. SAME—*dower—inchoate and consummate—whether a freehold interest or estate.* An estate of dower is a freehold estate, but a right of dower in a married woman before it has become consummate by the death of her husband, is a mere intangible, inchoate, contingent expectancy. It is not an estate in land, and does not even rise to the dignity of a vested right.

3. SAME—*specific performance — cloud upon title — whether freehold involved.* On a bill by a vendor for the specific performance of a contract for the sale of land, where the vendor's title is not denied, but it is claimed that there is a cloud on the title by reason of a contract made without authority, or growing out of the inchoate right of dower in a married woman, no freehold will be involved so as to authorize an appeal directly from the trial court to this court.

APPEAL from the Circuit Court of Cook county.

Mr. A. M. PENCE, for the appellant.

Mr. JAMES S. MURRAY, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This bill was filed in the circuit court of Cook county to enforce the specific performance of a contract for the purchase of a certain lot 8 therein described. Goodkind, the appellant, was seller of the lot and complainant below, and Bartlett, the appellee, purchaser of the lot and defendant below. The contract between the parties provided that the title should be a good fee simple title in the seller, and should be free from all inchoate right or rights of dower in any one. The matter or matters at issue arose upon a demurrer to the bill. The demurrer was sustained, and the bill dismissed for want of equity.

The principal, if not only, question in the case is, whether or not Rachel B. Hummer, wife of one John N. Hummer, who was a former owner of an undivided third of the premises, has an inchoate right of dower in the lot, which has never been released or barred.

This court, upon this direct appeal from the circuit court, has no jurisdiction to consider and determine the question indicated, unless it be that either in its decision, or otherwise in the case, a freehold is involved. The rule is, that a freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Sanford* v. *Kane*, 127 Ill. 591; *Malaer et al.* v. *Hudgens*, 130 id. 225; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson*, 105 id. 217.) An estate of dower is a freehold estate, but

a right of dower in a married woman, before it has become consummate by the death of her husband, is a mere intangible, inchoate, contingent expectancy, and not only is not an estate in land, but does not even rise to the dignity of a vested right. (*Blain* v. *Harrison*, 11 Ill. 384; *Robbins* v. *Kinzie*, 45 id. 357; *Johnson* v. *Montgomery et al.* 51 id. 185.). It follows, that in the decision of the question whether or not Mrs. Hummer has an existing inchoate right of dower in the lot, the title to a freehold is not in issue.

It is alleged in the bill of complaint, in substance, that Henry M. Newberger, who was an intermediate owner of the premises in the chain of title, sold and conveyed the lot, on October 5, 1878, to Clara Goodkind, and that the deed then executed was filed for record on October 8, 1878; that two years thereafter, in 1880, certain real estate agents made a contract, in the name of H. N. Newberger, to convey the lot to Henry H. Walker, which contract was filed for record in 1880; that there does not appear of record in the recorder's office any authority from Henry M. Newberger or H. N. Newberger to make any contract with reference to such land, and that said Walker has never asserted any claim under said pretended contract, or taken any steps to enforce the same; that defendant has no knowledge or notice of any claim of said Walker, or of any interest in said land of either Henry M. Newberger, or H. N. Newberger, at the time of said contract or at any time since, except as shown by said record, and that defendant has not received any notice or knowledge of the authority of said pretended agents to make such contract.

No reference whatever is made by appellee, in his brief and argument, to said Walker contract, nor is it suggested or hinted therein that the same is an objection to the title of appellant. It is, however, stated in the bill, that appellee refuses to take the premises, both on account of the supposed inchoate right of dower in the wife of John N. Hummer, but also because of the pretended Walker contract, which latter he "claims is a

cloud upon the title, and renders the same unmerchantable."
The demurrer to the bill admits the truth of these statements,
and of the other allegations contained therein.

The issues thus raised in respect to the Walker contract are,
whether it is a cloud upon the title of appellant, and whether,
in view of such contract, the title of appellant is such an one
as the agreement between appellant and appellee calls for.
The claim of appellant is, that his title, as shown by his bill,
is free from objection, and, as is also stated in the bill and
admitted by the demurrer, the only contentions of appellee
are, that there is an inchoate right of dower in Mrs. Hummer,
and that the Walker contract is a cloud upon the title. It
is insisted by appellant that he is the owner of the freehold
estate, and this is not put in issue by the pleadings, the insist-
ence of appellee being merely that there is a cloud upon that
title. A cloud upon title is a title or incumbrance apparently
valid, but in fact invalid; and when appellee admits that his
claim is only that the contract is a cloud, he virtually con-
cedes, or at least does not deny, that the freehold is vested in
appellant. It necessarily follows that no freehold, either legal
or equitable, is involved in this case, for not only was no free-
hold either lost or gained by the decree of the circuit court,
but the decision of the court did not necessarily involve the
decision of an issue made by the pleadings, whether or not
appellant was the owner of the freehold title to the lot.

A freehold not being involved in the case, we have no juris-
diction to review the record upon this direct appeal from the
trial court. The appeal is dismissed at the costs of appellant.
Leave is given him to withdraw the record, abstracts and briefs
from the files, in order that he may, if he shall be so advised
by counsel, prosecute a writ of error from the Appellate Court.

*Appeal dismissed.*