WYMAN, PLAINTIFF IN ERROR, v. FELKER, DEFENDANT IN ERROR.

1. COUNTY COURT—JURISDICTION.
The constitutional limitation of jurisdiction of county courts, as to amount involved, has reference solely to ordinary civil actions.
2. SAME.
The county court has unlimited jurisdiction in matters affecting the estate of deceased persons, and the appointment of conservators.
3. CONSTITUTIONAL LAW.
In a proceeding for the appointment of a conservator, it seems that the respondent's estate is not "involved" in the sense in which the word is used in the constitution.

*Error to the County Court of Arapahoe County.*

PROCEEDINGS for the appointment of a conservator. The proceeding was instituted in the county court, under

sec. 2935, Mills' Annotated Statutes. This section reads as follows:

"Whenever any reputable person shall file a complaint, duly verified in the county court, alleging that any person is a lunatic or insane person, and that said lunatic or insane person has personal or real property, and is so insane or distracted in mind as to render such person incapable of properly and safely attending to and managing the same, the judge of said court shall thereupon order a jury of six jurors to be summoned to ascertain whether such person is so insane or distracted as to render him or her incapable and unfit to care for and manage his or her estate; and if said jury shall return in their verdict that such person is so insane or distracted in mind as to be incapable and unfit to take care of and manage his or her estate, it shall be the duty of said county court to appoint some fit person to be conservator of his or her estate."

"The term lunatic, as used in this chapter, shall be construed to include idiots, insane and distracted persons, and every person who by reason of intemperance, or any disorder or unsoundness of mind, shall be incapable of managing and caring for his own estate." Mills' Ann. Stat., sec. 2968.

In the county court two jury trials were had, the result in each instance being a finding that the respondent was so insane and distracted as to be incapable of managing her own property. The first verdict was set aside and the proceedings quashed upon certiorari to the district court. A subsequent trial upon a new complaint resulted in the same verdict. To review the latter proceedings, the case is brought here upon error.

Messrs. Wells, Macon & Furman, for plaintiff in error.

Mr. W. B. Felker, *pro se.*

Chief Justice Hayt delivered the opinion of the court.

The principal question discussed in this case has reference to the jurisdiction of the county court in proceedings for the appointment of a conservator, in cases where the estate of the respondent exceeds in value the sum of two thousand dollars. Art. VI, sec. 23 of the Constitution is as follows :

" County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, and such other civil and criminal jurisdiction as may be conferred by law ; *Provided*, such courts shall not have jurisdiction in any case where the debt, damage, or claim, or value of property involved, shall exceed two thousand dollars, except in cases relating to the estates of deceased persons."

It is contended that the proviso is a limitation upon the county courts, and that such courts have no jurisdiction in proceedings of this nature where the value of the estate of the respondent is in excess of two thousand dollars. The argument is that this is not a case relating to the estate of a deceased person, but a case involving the estate of a person in full life, and it is said that while it may seem that in reason the same rule ought to apply, and the same court have authority to administer the estate in the one case as in the other, yet this result cannot be arrived at by any fair construction of the language of the constitution. This proceeding does not involve any debt, claim or damage. It does not certainly appear that the estate of respondent exceeds in value the sum of two thousand dollars, but that it is in excess of this amount is fairly inferable from the evidence, and we shall therefore treat it as so established for the purposes of this decision.

It would be difficult, if not impossible, to lay down a general rule as to when property is involved, by which all cases may be tested. The question in one form or another has been frequently before the courts, and it has generally been found expedient to determine the question with reference

solely to the facts of the particular case at the time under in-
vestigation.    In only a few instances have the courts under-
taken to formulate a general rule.    The opinion in *Holman
v. Taylor*, 31 Cal. 338, comes as near doing so as any to which
our attention has been directed.    In that case the following
provision of the constitution of California was under review,
viz. :

"The district courts shall have original jurisdiction * * *
in all cases at law which involve the title or possession of real
property " * * *

  · And the court says :

"It is difficult to define with precision the word "involve "
as it is employed in that section.    Its primary signification
is to "roll up or envelop," and it also means " to comprise,
to contain, to include by rational or logical construction,"
but none of these express the precise idea, and its exact syn-
onym may not be found in a single word.    The idea intended
to be embodied in the phrase " cases at law which involve
the title or possession of real property " may be expressed by
the paraphrase :  " cases at law in which the title or possession
of real property is a material fact in the case, upon which
the plaintiff relies for a recovery or the defendant for a de-
fense."    When the title or claim of title, the possession or
right of possession, of real property, or any right growing out
of or dependent upon either, is alleged in the pleadings as an
issuable fact, the case is within the meaning of the constitu-
tional provision."

A statute of the state of Illinois gave the right of appeal
to the supreme court, in cases involving a freehold.    This
statute has frequently been under consideration by the court
of last resort of that state.    In *Pinneo et al. v. Knox et al.*,
100 Ills. 471, it was held that a bill in chancery to foreclose
a mortgage upon real estate did not involve a freehold.
*Clement v. Reitz et al.*, 103 Ills. 315, was a proceeding to es-
tablish and enforce a mechanic's lien against land, and it was
determined that this did not involve a question of freehold.
An interesting and instructive discussion of the question as

to when a freehold is involved is to be found in the case of
*The C. B. & Q. R. R. Co. v. Watson et al.*, 105 Ills. 217.
The conclusion reached being that a freehold is never in-
volved, within the meaning of the statute, unless the primary
object of the suit is the recovery of the freehold estate, or
when the suit if prosecuted to judgment will, as between the
parties, result in one gaining, or the other losing the estate.
The doctrine here announced was affirmed in the late case of
*Goodkind v. Bartlett*, 136 Ills. 18.

In *Denver Brick Mfg. Co. v. McAllister*, 6 Colo. 326, it was
decided that the limitation of jurisdiction fixed by the con-
stitution must be taken to mean the amount due the plaintiff,
or the value or amount of his claim, or the value of the prop-
erty sought to be recovered in the action.

By the appointment of a conservator the title to no prop-
erty is changed, and although the control, custody and man-
agement of respondent's estate is taken away, it will be restored
upon the restoration of reason, and it may well be doubted if
such property is involved, in the sense in which the word is
used in the constitution. However this may be, we think it
is clear that the limitation of the constitution refers only to
the ordinary civil jurisdiction of such courts, such jurisdic-
tion being limited by the two thousand dollars clause, except
in cases relating to the estate of deceased persons, where it is
unlimited as to amount. In other words, the county courts
have unlimited jurisdiction, not only of all matters of probate,
settlement of estates of deceased persons, appointment of
guardians, conservators, etc., but of civil actions relating to
the estates of deceased persons; the limitation as to amount
having reference solely to ordinary civil actions. *In re Senate
Resolution No.* 31, 12 Colo. 340; *Denver Brick Mfg. Co. v.
McAllister, supra.* This conclusion is in harmony with the
entire course of legislation, both territorial and state, upon
the subject. In territorial times a probate court was estab-
lished for each county, and by our constitution the county
courts were made the successors of such courts. The primary
object of such courts, as the name indicates, was to exercise
jurisdiction in matters affecting the estates of deceased per-

sons, and the appointment of conservators. From time to time, jurisdiction in certain civil and criminal cases was conferred, the former being always limited as to amount.

By an act approved March 11, 1864, probate courts were invested in their respective counties with all the powers vested in the district court of the territory, in all matters in controversy where the debt or sum claimed did not exceed two thousand dollars. But as to matters of probate, settlement of estates, appointment of guardians, conservators, etc.. unlimited jurisdiction was conferred. Such was the condition existing at the time of the meeting of the convention that framed our constitution. The members of that convention were familiar with the then existing statutes, and the language of the constitution, when read in the light of the existing legislation, seems to indicate an intent to establish a court in each county, with like jurisdiction as that of the probate court.

Error is assigned upon the admission of evidence, and upon the instructions given and refused. We find no substantial error in the rulings of the county court upon questions of evidence, and, while we cannot commend all the instructions given, the verdict is so unquestionably right that we do not think it should be interfered with.

The evidence of the respondent discloses such a disordered condition of mind as to leave no reasonable doubt of her incapacity to intelligently manage her estate. Two jurors have decided that she is so disordered in mind as to be incapable and unfit to take care of and manage her property. The evidence taken at the last trial only is before us. Upon this we do not see how a jury could have arrived at a different conclusion from the one reached. If the respondent, since the investigation, has improved in mind, or if at any time in the future her mental condition should warrant it, the statute confers ample power upon the court to restore to her the management of the estate.

The judgment is fully warranted by the law and evidence, and it must be

                                 *Affirmed.*