THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA, PLAINTIFF IN ERROR, v. ELLIOTT, ADM'R, ETC., DEFENDANT IN ERROR.

1. APPEALS FROM COUNTY TO DISTRICT COURTS.

There are under the statute two methods provided for taking appeals from judgments of the county courts to the district courts, one being applicable to appeals in ordinary civil actions, the other to appeals from judgments and orders in probate proceedings.

2. TIME FOR FILING APPEAL BOND MAY BE EXTENDED.

A county court sitting for the transaction of probate business has power

to extend the time for filing a bond on appeal to the district court from a judgment or order entered in such matters.

3. STATUTORY CONSTRUCTION—APPEALS IN PROBATE PROCEEDINGS.
The requirements of the act of 1885, as to notice, etc., of appeal from the county to the district court, were not applicable to appeals from orders and judgments in probate proceedings.

*Error to the District Court of Costilla County.*

ON and prior to the 10th day of May, 1889, the estate of William B. Clancy, deceased, was in process of administration in the county court of Costilla county, and on that date plaintiff in error, The Mortgage Trust Company of Pennsylvania, filed a claim in due form against the estate. A hearing upon this claim resulted in its disallowance by the court.

From such disallowance the plaintiff in error gave notice of appeal to the district court. Thereupon the county court made and entered an order fixing the amount of the bond upon appeal at $500, and designating twenty days as the time within which the bond might be filed. Within the twenty days the appeal bond was filed, duly approved, and the transcript of the proceedings filed in the district court. After the case reached the district court, appellee, the present defendant in error, filed a motion to dismiss the appeal, because,

*First:* The appeal was not taken on the day the judgment was rendered, and appellee had not within five days, nor at all, served defendant with notice in writing stating that an appeal had been taken.

*Second:* That appellee had not complied with section 4 of the act relating to appeals from county to district courts, approved April 14, 1885.

*Third:* The appeal was not taken in apt time nor in accordance with the requirements of law.

This motion was sustained and the appeal dismissed as not having been taken in accordance with the requirements of the statute, to which judgment of dismissal the plaintiff duly excepted, and brings the case into this court upon error.

Mr. R. H. GILMORE, for plaintiff in error.

Mr. CHARLES M. CORLETT, for defendant in error.

PER CURIAM. The questions presented upon this case are identical with those determined by this court in the case of *Lusk v. Kershow et al.*, 17 Colo. 481. It was there held that under the statute two methods were provided for taking appeals from judgments of the county courts to the district courts, one method being applicable to appeals in ordinary civil actions, the other prescribing the manner of perfecting appeals from judgments and orders entered in probate proceedings.

The appeal from the county to the district court in this case was from a judgment entered in a probate proceeding, and the court had power to extend the time within which the appeal bond could be filed. In the *Lusk-Kershow case* it was also held that the requirements of the law of 1885, as to notice, etc., were not applicable in cases of appeals from orders and judgments of the county courts in probate proceedings. The distinction between the county courts sitting for ordinary business and such courts when sitting for probate purposes has been pointed out in a number of cases. *Lusk v. Kershow, supra ; Wyman v. Felker*, 18 Colo. 382.

The appeal in this case appears to have been properly taken within the time fixed by the court, and in accordance with the statute providing for appeals from orders and judgments entered by the county court when sitting for probate business, and the judgment of dismissal rendered by the district court was therefore erroneous. This judgment is accordingly reversed.

*Reversed.*