McCANDLESS v. GREEN ET AL.

1. JURISDICTION OF THE SUPREME COURT—FREEHOLD.
A freehold is never involved, within the meaning of the statute limiting the jurisdiction of this court, unless the primary object of the suit is the recovery of the freehold estate, or when the suit if prosecuted to judgment will, as between the parties, result in one gaining and the other losing the estate.

2. SAME.
A proceeding to enforce a mechanic's lien against real estate does not involve a question of freehold.

3. SAME—CONSTITUTIONAL PROVISIONS.
In order to invoke the jurisdiction of this court under the proviso of the statute relating to the construction of constitutional provisions, it must appear from the record that the decision of such question is necessary to a determination of the case, and also that the question itself is fairly debatable and not based on mere assertion.

*Appeal from the District Court of Fremont County.*

Mr. C. D. Bradley and Mr. Thomas Macon, for appellant.

Messrs. Benedict & Phelps, for appellees.

Chief Justice Hayt delivered the opinion of the court.

This is an action brought by appellees Green and others to enforce a mechanic's lien against the property of appellant McCandless. In the district court judgment was rendered in favor of plaintiffs for the sum of $907.76, and the sum declared a lien against certain property of the appellant. The first question presented here for consideration has reference to the jurisdiction of this court to review the proceeding.

The first section of the act creating the court of appeals reads as follows:

"No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided*, This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case. *Provided, further*, That the foregoing limitation shall not apply to writs of error to county courts." Session Laws of 1891, p. 118.

As the judgment in this case is for less than $2,500, if the jurisdiction of this court is to be maintained it must be under the foregoing proviso with reference to freeholds and constitutional questions. In the case of *Wyman v. Felker*, 18 Colo. 382, it was said that "a freehold is never involved, within the meaning of the statute, unless the primary object of the suit is the recovery of the freehold estate, or when the suit, if prosecuted to judgment, will, as between the parties, result in one gaining or the other losing the estate."

In the case of *Clement v. Reitz*, 103 Ill. 315, it was held

that a proceeding to enforce a mechanic's lien against real property did not involve a question of freehold.

Is the construction of a provision of the national or state constitution necessary to a determination of the case ?  This particular part of the act received the careful attention of this court in the case of *Trimble v. The People*, 19 Colo. 187. It was there held that to invoke jurisdiction under this proviso it must appear from the record that the decision of such question is necessary to a determination of the case, and also that the question itself is fairly debatable and not based on mere assertion.

Referring to appellant's briefs to ascertain the nature of the constitutional objection interposed, and we find in the first a few lines only are given at the close to a constitutional question, while in the brief subsequently filed it is stated that the two parts of the statute are easily harmonized, and that it is not necessary to attack the constitutionality of the act in this case.  In neither of these briefs is it claimed that any particular section of the mechanic's lien act is unconstitutional, nor is any particular provision of the constitution of the United States or of the state of Colorado pointed out as inhibiting the legislation in question.

The character of the constitutional objection which counsel wish to interpose in this case can only be inferred from the concluding sentence of the first brief, which is as follows : " A law of this character is clearly against public policy and one that impairs the obligation of contracts."   If it is meant by this that legislation conferring a right upon subcontractors to file a lien within a short time after they have ceased work, or after the last materials are furnished, is against public policy, no decision has been cited in support of such contention, and we know of none, while the decisions are numerous to the effect that such a law is not only valid, but beneficent, and should be upheld.   And certainly it cannot be successfully claimed in this case that the law impairs the obligation of the contract, as the written agreement entered into between appellant McCandless and contractor

White specially provides that the contractor should, if required, give good and sufficient evidence that the premises were free from all liens and claims chargeable to the contractor as a condition precedent to payment, and reserves to the owner the right to retain out of any payment an amount sufficient to completely indemnify him against any lien. Hence it appears that the right of subcontractors to file liens was especially recognized in the contract between the original parties. It must not be inferred from what has been said that in the absence of such provisions the question of the unconstitutionality of the act in this respect could be successfully maintained.

In this case it is clear that this court has no jurisdiction to entertain the appeal, and it is accordingly dismissed.

*Appeal dismissed.*