## McClellan et al. v. Hurd et al.

1. STATUTORY CONSTRUCTION.

The words "relates" and "involves," occurring in the act creating the court of appeals, are synonymous.

2. JURISDICTION—FREEHOLD, WHEN INVOLVED.

An action does not relate to a freehold, so as to give this court jurisdiction to review the proceedings, unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed. But if the title is directly put in issue, and the judgment until reversed is conclusive of such title, a right to review exists.

3. RES JUDICATA.

The defendant in this case held a deed to the real estate in controversy at a time when the title thereto was in litigation in an action wherein these plaintiffs were plaintiffs and her grantor was defendant, and, suppressing knowledge of her title, participated in a direct defense. *Held*, that the judgment against her grantor was conclusive against her claim of title.

4. NONSUIT.

An action for the rental value of the premises, predicated upon the wrongful possession of the defendants, should be dismissed as to a defendant who never had possession.

*Error to the Court of Appeals.*

It is alleged in the complaint:

*First :* That on May 14th, 1885, and ever since, plaintiffs have been and now are the owners, and were and are entitled to the possession of the east half of lot one, in block twenty, in Georgetown, in Clear Creek county, Colorado.

*Second :* That afterwards, and from that day to the present time, the defendants took and held possession of said premises, except the first floor upon the north $56\frac{1}{2}$ feet of said half lot, and of about twenty feet off the north of the second floor of

said premises, and that all the remainder of said premises the defendants, by their agents, privies and under-occupants and lessees, have held, used and occupied said premises willfully, wrongfully and against plaintiffs' will and consent.

*Third :* That the rental value of the premises possessed and detained by the defendants as aforesaid, has been worth at least six hundred dollars per year.

Wherefore plaintiffs pray judgment against the defendants for the rental value of said premises, and for damages from May 14, 1885, to the present time, and for costs of suit.

The defendants filed separate answers. In the answer of Catherine McClellan she claims a fee simple title to the property in controversy. The defendant Forbes answered, interposing specific denials to the allegations of the complaint. A replication was filed to the new matter set up in the answer of Catherine McClellan. A more detailed statement of the facts will be found in the opinion of the court of appeals. See *Hurd et al. v. McClellan et al.,* 1 Colo. App. 327.

A trial in the district court resulted in a judgment of nonsuit as to the defendant Forbes. The case proceeded, however, as to Catherine McClellan, and resulted in a judgment in her favor. An appeal having been taken to the court of appeals, the judgment was reversed as to Catherine McClellan and affirmed as to the defendant Forbes. See *Hurd et al. v. McClellan et al., supra.* Catherine McClellan sued out a writ of error to this judgment, and afterwards, at the instance of plaintiffs, Forbes was made a party in this court.

Messrs. WELLS, McNEAL & TAYLOR and Messrs. MORRISON & FILLIUS, for plaintiffs in error.

Mr. EZRA KEELER and Mr. W. T. HUGHES, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The question as to the jurisdiction of this court to entertain this cause upon error must be determined *in limine.*

Our jurisdiction is fixed by the act creating the court of appeals. In this case it depends upon the construction of the first and fourth sections of that act. By the first, the jurisdiction of this court is retained when "the matter in controversy relates to a franchise or freehold." * * * By the fourth section it is provided that the court of appeals "shall have jurisdiction, not final, in cases where the controversy involves a franchise or freehold." * * * By other provisions this court is given jurisdiction in all cases not within the final jurisdiction of the court of appeals.

These provisions have received consideration by this court in a number of cases. In the case of *Wyatt et al. v. Irrigation Company*, 18 Colo. 298, it was held that the word "involve" and the word "relate," as used in the act creating the court of appeals, are synonymous. In the case of *Harvey et al. v. Travelers' Ins. Co. et al.*, 18 Colo. 354, the following statute was under review: "Appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of one hundred dollars, or relate to a franchise or freehold." It was there held that an action does not relate to a freehold, so as to give the right of appeal, unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed.

In *McCandless v. Green et al.*, 20 Colo. 519, this court refused to take jurisdiction by appeal of an action to foreclose a mechanic's lien upon real property upon the ground that the freehold was not involved.

In the case of *C. B. & Q. R. R. Co. v. Watson et al.*, 105 Ill. 217, the action was for the purpose of subjecting certain real estate to the payment of judgments held by the plaintiffs, and the supreme court of that state held that the case did not involve a freehold so as to give that court jurisdiction by appeal. This is because the ultimate object of such suits is to obtain satisfaction of the claim, and the suit may

be defeated at any time by the payment of the same, the real estate at most being only collaterally or incidentally involved. In all such cases the courts have uniformly held that a freehold is not involved in the sense that the word is used in the statute. *Wyman v. Felker*, 18 Colo. 382; *Pinneo et al. v. Knox et al.*, 100 Ill. 471; *Clement v. Reitz et al.*, 103 Ill. 315; *Goodkind v. Bartlett*, 136 Ill. 18.

On the contrary, when the title to real property is directly put in issue by the pleadings, and the judgment until reversed is conclusive of such title, a freehold is involved, and the right to review given by the statute exists.

The case of *Piper v. Connelly et al.*, 108 Ill. 646, is strongly in point. That was an action of trespass. The pleadings were the general issue and the plea of *liberum tenementum*, which latter was put in issue by the replication, and the court held that the action involved a freehold and sustained its jurisdiction to review the case upon appeal. The same views are announced in the subsequent cases of *Fort Dearborn Lodge v. Klein et al.*, 115 Ill. 177, and *Elson et al. v. Comstock*, 150 Ill. 303.

After the filing of the answer and replication, this suit became more than a money demand. The issues then embraced a complete involvement of the fee, and the judgment of the court of appeals if unreversed is conclusive against the right or title set up by Catherine McClellan. Such a judgment is not only conclusive upon the right of possession, but upon the title as well, as this is the precise question upon which the case turned. *Hurd et al. v. McClellan et al., supra; Elson et al. v. Comstock, supra; Dunckle v. Wiles*, 5 Denio, 296; *Caperton v. Schmidt*, 26 Cal. 479; 21 Am. & Eng. Ency. of Law, p. 244, 245.

It therefore appears that the freehold is involved and the jurisdiction of this court must be sustained.

Passing to a consideration of the merits: In so far as Catherine McClellan is concerned, it is sufficient to say that the opinion of the court of appeals fully answers every contention made in her behalf. In the very able opinion of Mr.

Justice Reed, it is shown that she held a deed to the property at a time when the title was in litigation between the appellants as plaintiffs and her grantor as defendant, and suppressing knowledge of her title participated in and directed the defense, and it was very properly held, under these circumstances, that the judgment against her grantor was conclusive against her claim of title. Nothing new in this regard has been urged in this court. We are satisfied that the judgment of reversal entered against Catherine McClellan by the court of appeals was warranted by the record, and it is therefore affirmed.

In the district court plaintiffs were nonsuited as to the defendant Forbes, and this judgment was upon appeal affirmed by the court of appeals. Plaintiffs in error contend that in this both the district court and the court of appeals were in error. Their argument in this behalf is that this is an action of trespass *quare clausum fregit*, and that in such an action all the joint trespassers are liable. While the code abolishes all the old forms of action, such forms may be resorted to for the purposes of ascertaining the substantial rights of the parties. Wherever a party had a remedy at common law, such remedy still exists under the code, although in his complaint he need only state " the facts constituting his cause of action in ordinary and concise language." * * *

A conclusive answer to the argument of plaintiff in error is to be found in his pleading. The action of *quare clausum fregit* is for an injury to the possession. It is not confined to the owners of property, but can be maintained by any one in possession; but it is essential that the plaintiffs should have had the possession, otherwise the action will not lie. In the case at bar plaintiffs do not allege that they were ever in possession of the property in controversy, and the evidence affirmatively shows that they never had such possession ; hence all that has been urged upon the supposition that the action is in the nature of an action of trespass *quare clausum*

*fregit*, and that the defendants were joint trespassers, has no application under the issues or evidence in this case.

The evidence in the record tending to show Forbes' connection with the property, as said by the court of appeals, is "not of such a character as to charge him for the detention of the property or for use and occupation." In fact, there is but slight evidence in the record applicable to the defendant Forbes.

W. T. Hughes, one of the plaintiffs, testified:

"It is the building used in town for political meetings. Catherine McClellan has let it to the people. Mr. Forbes has sold the tickets admitting people to its use. I don't know of his using it in any other way than that."

The witness further testified:

"He (Forbes) gave me to understand then that he was doing nothing more than selling tickets, and I certainly gained the impression from him that Mrs. McClellan was the principal one to address. The exact words of the interview I don't remember. I only recollect I called on him and served notice on him. Forbes caused me to understand he was acting for Mrs. McClellan, or Job McClellan."

On cross-examination the witness stated:

"Possibly Forbes stated he sold tickets for the theatrical troupes; he did not state so in terms; he gave me the impression that Job McClellan was the one for me to deal with at that time, in 1885, Catherine McClellan or Job; she was not agent for Job."

N. S. Hurd, another one of the plaintiffs, testified:

"Forbes has sold the tickets for several years, and since the 14th day of May, 1885, for seats to the hall. He has never accounted to me or any one for me for what he has sold to the east half."

This is all the evidence tending to connect the defendant Forbes with the use or occupation of the property. This shows that he was acting in the sale of tickets for either the McClellans or the theatrical troupes that from time to time occupied the hall. He never at any time had possession of

the hall or claimed that he had any right to the possession of the same. Mrs. McClellan was in possession. Assuming that her possession was without right, the defendant Forbes did not share it with her, and all that has been said about joint trespassers being jointly liable is foreign to the case. This action is for the rental value of the premises. It is predicated upon the wrongful possession of the defendants, and, Forbes not having the possession, the suit was properly dismissed as to him. This is not an action for money received for plaintiffs' use, and the evidence does not make out such a case.

Finding no error in the record, the judgment will be affirmed.

<div align="right">

*Affirmed.*