### THE PEARSON LUMBER COMPANY *et al.*

*v.*

### FRANK E. BRADY *et al.*

*Filed at Ottawa January 20, 1896.*

APPEALS AND ERRORS—*freehold not involved in suit to enforce mechanic's lien.* A freehold is not involved so as to give jurisdiction to the Supreme Court in a proceeding to enforce a mechanic's lien, in which the only questions are whether materials were furnished for the building, the amount due, and the right to a lien.

*Brady* v. *Pearson Lumber Co.* 58 Ill. App. 417, writ dismissed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

WILLIAM J. AMMEN, and W. N. GEMMILL, for plaintiffs in error.

MORAN, KRAUS & MAYER, for defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

In 1891 the Pearson Lumber Company, in a proceeding to enforce a mechanic's lien, obtained a decree in the circuit court of Cook county for $686.59. To reverse this decree the defendants in error prosecuted a writ of error in the Appellate Court. On a hearing in that court the decree of the circuit court was reversed and the cause remanded, with directions to dismiss the bill. To reverse the decree of the Appellate Court this writ of error has been sued out.

The defendants in error have entered a motion to dismiss the writ of error for the want of jurisdiction. If plaintiffs in error have the right to maintain this writ of error the right is conferred by section 90 of the Practice act. (Hurd's Stat. 1084.) Under that section of the statute, where the amount involved exceeds $1000, or where a freehold is involved, a writ of error may be prosecuted. Here the amount involved was less than $1000, so that no jurisdiction can be claimed on the ground that the amount in controversy was sufficient to confer jurisdiction.

The only remaining question is whether a freehold is involved. As has been seen, the proceeding was one to enforce a mechanic's lien. The petition was filed by James H. Pearson & Co., in which it was alleged that on or about the first day of November, 1888, Frank E. Brady, then the owner of certain described real estate, entered into a contract with petitioners, whereby petitioners agreed to furnish certain material to be used in the erection of a building on said premises, and that said Brady agreed to pay for said material on April 16, 1889; that petitioners furnished said material, and the same was

used in the erection of said building; that there is due to petitioners, from said Brady, on account of said material, the sum of $686.59. The petition made defendants thereto, Frank E. Brady, who was alleged to be the owner of the premises, and L. Romeyn Giddings, Sue C. Clark and George F. Kimball, each of whom was alleged to have some interest therein. The prayer was that the alleged lien be foreclosed and that the premises be sold to satisfy the same. Several amendments were made to the petition, but it will not be necessary to notice them here. Enough of the pleadings has been set out to show that plaintiffs in error, who had furnished lumber to the owner of certain premises, filed a petition to enforce a lien on the premises for the amount due them for the lumber furnished. In the proceeding it is apparent that the only question presented was whether plaintiffs in error had furnished lumber under a contract with the owner, to be used in the erection of a building, and if they had, what amount was due, and whether they had complied with the statute and were entitled to a lien on the premises for the amount due. No argument is required to show that a freehold is not involved in such a proceeding. Indeed, in *Clement* v. *Reitz*, 103 Ill. 315, it was expressly held that a freehold was not involved in such a case. See, also, *Pinneo* v. *Knox*, 100 Ill. 471, where the same principle is announced.

But it is said that a decree was rendered in the mechanic's lien proceeding, under which the premises were sold; that no redemption was made, and that Warren Springer became the purchaser of the certificate of purchase and obtained a deed of the premises, and that he claims title to the premises and undertook to set up that title in the Appellate Court, and thus a freehold is involved. Warren Springer was not a party to the mechanic's lien proceeding. No decree was ever rendered as to him, and the writ of error to the circuit court of Cook county brought before the Appellate Court for adjudica-

tion the decree as it was rendered in the circuit court. (*Oswald* v. *Wolf*, 126 Ill. 542.) Matters not before the circuit court and not passed upon were not brought to the Appellate Court for adjudication. As no freehold was therefore involved in the proceedings in the circuit court, no freehold was involved on writ of error in the Appellate Court.

The writ of error will be dismissed.   *Writ dismissed.*