[No. 3757.]

PADDACK v. STALEY ET AL.

JURISDICTION—CREDITOR'S BILL.

A creditor's bill to set aside a conveyance on the ground of fraud as t) creditors of the vendor, does not involve a freehold so as to give this court jurisdiction to review the decree.

*On Removal from the Court of Appeals.*

Messrs. TELLER, ORAHOOD & MORGAN and Mr. C. M. KENDALL, for appellant.

Mr. C. A. WILKIN, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

This case was transferred from the court of appeals on motion of appellees. Appellant now moves to remand, upon the ground that this court is without jurisdiction to entertain the appeal. The action was originally instituted in the

district court of Summit county to determine the priority of right as between junior judgment creditors to redeem certain real property from sale under a prior judgment. The facts, in brief are as follows:

The Oro Mining & Milling Company was the owner in fee of certain mining property situate in Summit county, Colorado. In 1892 one Christ Kaiser recovered a judgment against the company for the sum of $2,044.29, which was affirmed by the court of appeals in 1894; on April 4, 1894, he procured the property aforesaid to be sold by the sheriff of said county in satisfaction of said judgment; and as judgment creditor, bid off the property at such sale for the amount of his judgment, interest and costs, amounting then in the aggregate to $3,108.77; and received the sheriff's certificate of sale of that date, recorded the same in the office of the county clerk and recorder of said county. Pending that appeal, and during 1893, the company became indebted to appellees for work and labor performed upon said mining property; to appellee Staley and sundry others in the sum of $3,273.35. To secure this amount he, for himself and his assignors, filed a statement of lien; and on July 17, 1893, commenced his action in the district court of Summit county to foreclose the same; and on December 8, 1893, obtained a miner's lien judgment against said property for the sum of $3,555.60.

In a suit in attachment, appellee Morrison on January 16, 1894, obtained a judgment in the district court of Summit county against said company for $4,328.45, which was decreed a lien upon said property as of the date of July 18, 1893.

Appellee Stouffer recovered two judgments against the company in the district court of Arapahoe county aggregating $10,076.53, on April 16, 1894, transcripts of which judgments were filed in the office of the county clerk of Summit county May 3, 1894.

Paddack, the appellant, recovered a judgment against the company in the district court of Arapahoe county on July 7,

1894, for the sum of $9,279.61, a transcript of which judgment was also filed on September 29, 1894. On October 5, the statutory period for redemption by the company from the Kaiser judgment sale having expired, and no redemption having been made by the company, the appellant Paddack paid the amount of that judgment to the sheriff of Summit county, and caused an execution to be issued upon his judgment, and the property in question to be advertised for sale thereunder. On the twenty-fourth day of October, 1894, the appellee Staley sued out a writ of execution upon his judgment; placed the same in the hands of the sheriff, and tendered to said sheriff the amount of the Kaiser judgment, together with interest. The sheriff refusing to accept the tender, or to execute the writ, Staley commenced action to enjoin the sale under the Paddack execution, and to procure an adjudication as to the rights of the respective parties to redeem said property from the sale under the Kaiser judgment. Morrison and Stouffer having instituted like actions, the same were consolidated with the action instituted by Staley, and the rights of the parties heard and determined in the consolidated action. This action was tried to the court, and judgment rendered in favor of plaintiffs, and decreed to Staley the right to refund to Paddack the amount paid by him upon redemption from the sale under the Kaiser judgment; and thereupon to become vested, in lieu of Paddack, with the benefit of that redemption; and ordered the property sold and the proceeds applied in satisfaction of the respective judgments, in the order of their date. From this judgment Paddack prosecuted an appeal to the court of appeals, which finally reached this court as above stated.

In resistence to the motion to remand, counsel for appellees insist that this court has jurisdiction to review the judgment because the action not only relates to a freehold, but also to a franchise, and involves a construction of secs. 11 and 25, art. 2 of the bill of rights. His argument in support of the last two grounds, as we understand it, is that Paddack's claim being that the judgment sale statute, sec.

2548, Mills' Ann. Stats., accords to him, as judgment creditor of the common judgment debtor a preference of redemption from the Kaiser judgment, as against the appellees, whose judgments are statutory and specially decreed liens upon the judgment debtor's property; and the right to have full satisfaction of his judgment, to the exclusion of them, because of his having made the earliest redemption; and that if such be the effect and meaning of the statute, then it is obnoxious to those constitutional provisions because it confers a special statutory privilege and franchise.

We are unable to perceive the force of this reasoning. Without in any way intending to indicate whether we think the statute is or is not susceptible of that construction, we cannot see that if it were it would be in derogation of these constitutional provisions any more than an act that gave a preference to an attachment, or judgment lien first acquired, over those subsequently attaching. The only ground possibly debatable upon which our jurisdiction can be predicated is whether the action relates to, or involves, a freehold; and we think, under the doctrine of our former decisions, that this claim is not tenable. *McClellan v. Hurd*, 21 Colo. 197; *Harvey v. Trav. Ins. Co.*, 18 Colo. 354; *McCandless v. Green*, 20 Colo. 519; *Scheeren v. Stramann, ante*, p. 111.

In the latter case the right to an appeal to this court in an action brought to set aside a conveyance of real property, upon the ground that it was fraudulent as to creditors, was denied, following several Illinois decisions based upon a similar statute to ours. In *McClellan v. Hurd, supra*, this language is used:

"In the case of *C., B. & Q. R. R. Co. v. Watson et al.*, 105 Ill. 217, the action was for the purpose of subjecting certain real estate to the payment of judgments held by the plaintiffs, and the supreme court of that state held that the case did not involve a freehold so as to give that court jurisdiction by appeal. This is because the ultimate object of such suits is to obtain satisfaction of the claim, and the suit may be defeated at any time by the payment of the same, the real

estate at most being only collaterally or incidentally involved. In all such cases the courts have uniformly held that a freehold is not involved in the sense that the word is used in the statute."

The case at bar clearly falls within the class of cases referred to. The object of the suit and the effect of the judgment is to give to appellees the right to have their claims satisfied out of the common debtor's property, in preference to appellant's judgment; and hence the freehold may or may not be ultimately affected. Certainly the title to the property ·is not the direct object of the action, and is only incidentally or collaterally involved.

In these circumstances, this court is without jurisdiction to entertain this appeal, and the motion to remand the cause to the court of appeals must be sustained.

*Remanded.*