[No. 3635.]

KELLY v. ATKINS ET AL.

JURISDICTION.

A controversy as to which of two deeds of trust upon the same real estate constitutes the prior lien does not so relate to a freehold as to give this court jurisdiction to review a decree determining the question.

*Appeal from the District Court of Mesa County.*

Mr. FRANK DE LA MAR, Mr. H. W. ROSS, Mr. J. S. CARNAHAN and Messrs. MORRISON & DE SOTO, for appellant.

Messrs. BUCKLIN, STALEY & SAFLEY, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

On December 1, 1894, James M. Kelly instituted suit in the district court of Mesa county to foreclose two certain trust deeds executed by William S. Kelly, each being set out and described as a separate cause of action. Pike C. Doyle, who was the owner and holder of another trust deed upon the same property, executed by the same party, but subsequent in date to those described in plaintiff's complaint, by his answer put in issue the validity of the notes and trust deed described in plaintiff's second cause of action, and the *bona fides* of plaintiff's ownership. The court below upon this issue, made the following findings:

" That the notes * * * made and executed by the defendant W. S. Kelly to defendant Jennie Kelly, and mentioned and described in plaintiff's second cause of action, were not given for a valuable consideration; and that the trust deed given to secure the same was also voluntary, without consideration and void, and that the plaintiff was not a *bona fide* holder of said notes and said trust deed."

And adjudged and decreed that as against the defendant Pike C. Doyle said deed of trust was of no effect, and inferior and junior to his rights; and thereupon rendered judgment of dismissal of said second cause of action. To reverse this judgment plaintiff prosecutes this appeal.

It is apparent from the foregoing that the only question presented and determined by the district court was, whether the deed of trust described in the second cause of action was valid, and constituted a subsisting lien prior to that created by the deed of trust held by the defendant Doyle. That

the action does not relate to a franchise or freehold, is settled by several decisions of this court: *McCandless v. Green*, 20 Colo. 519; *Wyman v. Felker*, 18 Colo. 382; *McClellan v. Hurd*, 21 Colo. 197; *Paddack v. Staley et al.*, ante, p. 188; *Scheeren v. Stramann*, ante, p. 111.

Nor does the judgment come within the class that is reviewable by this court. Section 1, Session Laws, 1891, p. 118.

It is clear, therefore, that we are without jurisdiction to entertain this appeal, and the same is accordingly dismissed.

*Dismissed.*