[No. 3862.]

THE LA JUNTA AND LAMAR CANAL CO. ET AL. v. THE FORT LYON CANAL CO.

1. APPEALS—JURISDICTION OF SUPREME COURT—FREEHOLD.
A decree which divests one company of the title to an irrigating canal and vests it in another company for the benefit of the water right owners, involves a freehold so as to give the supreme court jurisdiction on appeal.
2. APPELLATE PRACTICE—STIPULATION OF COUNSEL.
Stipulation of counsel contravening the rules of the court governing the preparation and submission of causes in the supreme court will not be recognized unless an order of court is obtained in accordance with the stipulation. Where appellants claimed an oral agreement with appellee for an extension of time within which to file briefs, which was controverted by appellee, the court will not undertake to determine the disputed question, but will dismiss the appeal.

*On motion to dismiss appeal.*

Mr. CHAS. J. HUGHES, Jr., and Mr. TYSON S. DINES, for appellants.

Mr. CHAS. E. GAST and Messrs. ROGERS & SHAFROTH, for appellee.

. MR. JUSTICE GABBERT delivered the opinion of the court.

From the title of this cause, in the abstract of record it would appear there are two, when, in fact, there is but one, and that the case of *Hess v. The La Junta and Lamar Canal Company*, in which the proceedings were had of which appellants complain, on a petition filed by the Fort Lyon Canal Company in that action, for the purpose of having the final decree entered on the complaint filed in that cause, carried out, so that such proceedings are but a continuation of the original cause, or another step toward obtaining the ultimate relief to which the plaintiffs in the original complaint filed, claim to be entitled. For a proper understanding of the rights involved between the parties to this appeal, and a determination of the motion of appellees to dismiss, upon the ground that this court is without jurisdiction to entertain the appeal, because a freehold is not involved, a history will be given of the questions litigated, upon which judgments have been rendered, based upon the original complaint and other proceedings had, down to the time when the petition of the Fort Lyon Company was filed. For convenience the La Junta and Lamar Canal Company will be designated "the old company," and the New La Junta and Lamar Canal Company as "the new company," and the Fort Lyon Canal Company as "the Fort Lyon Company."

The object of the action originally commenced by Hess, on behalf of himself and others similarly situated, against the old company, was to compel the specific performance of the contract contained in the water deeds, evidencing the water rights owned by them in the canal and appurtenances belonging to this company, such contract providing, in substance, that on the happening of certain contingencies the title to the canal and appurtenances should vest in the owners of such water rights. The judgment on the complaint

filed in this action was in favor of the plaintiffs, and a decree entered directing that the old company execute and deliver a deed of conveyance to its canal, reservoirs and other property rights held in connection therewith, to such new corporation as the owners of water rights in the property so conveyed might organize, for the purpose of operating and managing it. From this judgment the company appealed to the court of appeals, which court affirmed it, in so far as it adjudged the owners of such water rights to be the owners of the canal and other property through which such rights were supplied, and entitled to have the title to such property vest in a new corporation for the benefit of the owners of such rights, but held that the method provided in the contract contained in the water deeds issued by the old company and its predecessor, for the creation of a new corporation to own and control the property for the benefit of the water right owners, should be followed, and remanded the cause for further proceedings in conformity with that opinion. *The La Junta and Lamar Canal Co. v. Hess*, 6 Colo. App. 497.

On remittitur the trial court, in conformity with this decision, entered an amended decree, by which the old company and its board of directors were directed to form a new corporation in the manner provided in this contract. In compliance with this decree the new company was organized which thereafter presented its petition, setting forth the steps taken in effecting its organization, and asked that the property then in the possession and under the control of the receiver, who had been appointed to take charge of the property pending the determination of the litigation instituted by Hess et al., be turned over to it, which request was granted, the court retaining jurisdiction of the cause and property for the purpose of enforcing the payment of the legal indebtedness incurred by the receiver in the management of the property. This new company took possession and assumed the control of the property, but certain of the water right owners in the canal, being dissatisfied with its management, organized the Fort Lyon Company, the appel-

lee in this action, and, on its behalf, filed a petition, in which it was averred that, in accordance with the resolution of such water right owners, it had been organized for the purpose of securing to such owners the possession and control of the property; that the new company was not managing the property in their interest; that its management was inimical to this interest, and setting forth with particularity the acts of this company upon which they relied to establish this condition of affairs, and prayed that the order of the court, delivering the possession of the property to the new company, be vacated, and the property turned over to the Fort Lyon Company. To this petition the old and new companies were made parties, and having answered, the court, upon trial of the issues, granted the prayer of the petition, and directed the receiver to deliver the property to the Fort Lyon Company. It is from this judgment that the two canal companies have appealed.

The ultimate object of the suit, as originally instituted by Hess et al., was to secure and vest the title to the property of the old company, out of which the water rights owned by the plaintiffs issued, in a company for the benefit of such water right owners. The original decree rendered adjudged such water right owners the owners of the canal and appurtenances; that the title to that property should vest in such new corporation as the plaintiffs might organize, for the purpose of operating and managing it, and on remittitur from the court of appeals, the amended decree in this respect was to the same effect, and when the new company was organized and its organization recognized by the court, and the property of the old company directed to be turned over to it, the effect of that decree was to vest the title to this property in the new organization, for the benefit of the water right owners in the old. The object of the proceedings instituted on behalf of the Fort Lyon Company, by its petition, was to obtain the title and control of this property for the benefit of such water right owners, and the effect of the decree entered on this petition is to vest the title to that property in this company

for that purpose, so that the result of the judgment entered, and which appellants seek to have reviewed by this court, is to divest the New La Junta and Lamar Canal Company of a freehold estate, and vest it in the Fort Lyon Company, and a freehold is, therefore, involved, within the meaning of the statute regulating appeals to this court. *Goodkind v. Bartlett*, 136 Ill. 18; *Wyman v. Felker*, 18 Colo. 382; *McCandless v. Green*, 20 Colo. 519; *McClellan v. Hurd*, 21 Colo. 197. The motion of appellees to dismiss, on the ground that the court has no jurisdiction, is not well taken.

Appellees also move to dismiss for the reason that appellants have failed to file briefs within the time limited by the rules of this court, or within any further time covered by stipulation or agreement. A stipulation of counsel, fixing the time within which briefs might be filed, was filed in this court, and an order obtained thereon. It now appears that appellants have not filed briefs within the time limited by that order, but in opposition to the motion to dismiss, an affidavit is presented in which it is stated that by oral agreement, there was an understanding between counsel that further time should be given in which to file such briefs. This affidavit is controverted by counsel for appellees. If parties expect this court to recognize stipulations contravening the rules governing the preparation and submission of causes, they must obtain an order in accordance with such stipulations. This rule will be rigidly enforced, where such alleged stipulations are oral, and a dispute arises between counsel as to what they were, or whether or not, in fact, they were made, as we will not undertake to determine any disputed questions of fact on such matters. Rules of the court are for the purpose of enforcing an orderly and diligent preparation and submission of causes. They provide that when the required steps in each case cannot be taken within the time limited, on good cause shown, such time may be extended, but the application for such extension, except on the happening of an unforeseen contingency, must be made before the time to take the step for which further time is asked, has expired.

Appellants having failed to file briefs within the time required by previous order of this court, the motion of appellees to dismiss the appeal is sustained, for that reason, but without prejudice.

*Appeal dismissed.*