[No. 3922.]
KYLE ET AL. v. SHORE ET AL.

APPELLATE PRACTICE —JURISDICTION OF SUPREME COURT —FREE-HOLD.

An action by the trustee and *cestui que trust* in a trust deed to set aside a quitclaim deed to the same property and to have the trust deed adjudged a prior lien thereto on the land, does not relate to a freehold so as to give the supreme court jurisdiction.

*Appeal from the District Court of Montrose County.*

Mr. S. S. SHERMAN and Mr. JOHN GRAY, for appellants.

Messrs. GERRY & TAYLOR and Mr. HUGO SELIG, for appellees.

PER CURIAM. On November 27, 1897, appellee, Anderson Shore, gave his promissory note to the Bank of Montrose for the sum of $2,000, and to secure the same executed a trust deed to the public trustee upon certain land in Montrose county, which was filed for record in the office of the clerk and recorder of said county on October 18, 1897. Intervening the giving of this trust deed and its record, to wit, on October 5, 1897, Anderson Shore executed to his wife, his co-appellee, Ida Shore, a quitclaim deed to the land, which deed was duly filed for record on the same day. The present action was brought by the assignee of the bank and the public trustee, in the district court of Montrose county, to set aside this deed upon the ground that it was fraudulent and void as to the bank, and to have said trust deed adjudged a prior lien thereto upon the land. The court below found for appellees, who were defendants below, and rendered judgment for costs in their favor. From this judgment appellants bring the case here on appeal. The action is to establish a lien, and does not relate to, or involve a franchise or a freehold ; nor do any

of the other grounds exist essential to the jurisdiction of this court. See *Scheeren v. Stramann*, 24 Colo. 111, wherein a like appeal was considered and determined, and *Paddock v. Staley*, 24 Colo. 188. This appeal is accordingly dismissed.

*Appeal dismissed.*