Anna C. Ellet, Appellant, v. Homer Farmer and
Judith Farmer Ralls, Appellees.

Opinion filed June 1, 1943.

A. D. MORGAN, of Herrin, for appellant.

D. L. DUTY and CHAS. D. WINTERS, both of Marion, for appellees.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Anna C. Ellet, plaintiff appellant, a widow, aged 61 years, married Phillip Ellet on May 22, 1937. The latter was a widower about 60 years of age, a postmaster since 1912 in a small village in Williamson county, Illinois. He was also a farmer and coal miner. On May 6, 1936, Phillip Ellet deeded all his real estate consisting of a 40-acre farm, a post office building, and some town lots of small value to his nephew and niece, Homer Farmer and Judith Farmer Ralls, defendants

appellees herein. These conveyances were voluntary and without any consideration, but were made some five months before Anna lost her third husband, Harry Hart, with whom she was living until his death on September 28, 1936. The courtship of Anna and Phillip Ellet commenced sometime in November 1936. Phillip died on December 26, 1941. The conveyances aforementioned were not recorded until after his death. The appellant claims that she knew nothing about the deeds in question until after her husband had died; that throughout his courtship and their married life, Phillip had represented to her that he owned the 40-acre farm and post office building; that he continued, until the time of his death, to exercise dominion and control over all the property in question as if he owned the same. She claims, therefore, that she has been woefully defrauded; that the deed to his nephew and niece were voluntary, and being made prior to a contemplated marriage and without her knowledge is prima facie fraudulent, and consequently she was defrauded of her marital rights.

The plaintiff sought in her complaint to set aside all the deeds described hereinbefore, and to have the real estate described therein declared intestate property, and to have her rights of dower and homestead,as the surviving spouse of Phillip Ellet established in said property.

The chancellor who heard this case did not subscribe to the factual claims of the plaintiff and denied the relief sought by her. This appeal challenges the correctness of his conclusions.

Manifestly, a freehold is involved in this controversy, and the court is without jurisdiction to entertain this appeal. Section 75, chapter 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.075], entitled "Practice Act," provides as follows: "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a

statute or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested as a party or otherwise.''

Although it has often been said by our courts that the determination of the question of whether a freehold is involved or not is not free from difficulty, all cases lay it down as the invariable test that if the effect of the decree is to take the freehold out of one person and to place it in another, the Appellate Court has no jurisdiction. *Hutchinson v. Howe,* 100 Ill. 11. The purpose of the proceeding in the instant case is to take the fee of the real estate in question from Homer Farmer and Judith Farmer Ralls, and to declare it intestate property of Phillip Ellet, deceased, thereby developing a freehold interest in his surviving spouse, Anna Ellet. It seems very plain that this case comes within the above test, and consequently it is necessary for us to hold that a freehold is involved herein.

On the death of either spouse, an estate of dower becomes a freehold. *Goodkind v. Bartlett,* 136 Ill. 18, 26 N. E. 387; *Taylor v. Taylor,* 223 Ill. 423, 79 N. E. 139; *Marsh v. Irwin,* 168 Ill. 50, 47 N. E. 768; *Walker v. Doane,* 131 Ill. 27, 22 N. E. 1006. And, when a homestead in realty is involved, a freehold is involved, and the Appellate Court has no jurisdiction. *Jones v. Jones,* 281 Ill. 595; *Stodalka v. Novotny,* 144 Ill. 125.

This court, therefore, having no appellate jurisdiction over cases when a freehold is involved, is obliged to transfer this cause to the Supreme Court of the State of Illinois.

*Cause transferred.*