## SUPREME COURT.

## The People *ex rel.* MACTAGGART agt. GALE, Clerk of the Marine Court.

On an application for a *mandamus* to compel the clerk of the marine court to issue an execution on a judgment of reversal by the general term, of a judgment of the special term of that court, on the ground that all the proceedings founded on the appeal to the general term were void, and that the judgment of the special term remained in full force, for the reason among others of less importance, that the time allowed by statute for bringing the appeal had expired,

*Held,* 1st. That the question on the motion to dismiss the appeal decided by the general term of the marine court, was one concerning the regularity or validity of proceedings within its own especial cognizance; and with regard to which, it is proper that its decisions should generally be deemed conclusive. If, indeed, the time allowed by statute for appealing had expired, the court had no power to extend it; but they were the best judges of the fact, whether the time had expired, and whether all the other proceedings in relation to it were regular.

2d. Even if the proceedings relative to the appeal had been a nullity, the counsel for the relator, after unsuccessfully moving to dismiss the appeal on the ground of irregularity and nullity, argued the meritorious points involved in the case on the appeal before the general term. This was a complete *waiver* of all defects relating to the *manner* of the appeal, although before the argument on the merits, they might have amounted to a nullity.

Provided the action is legitimately within the jurisdiction of the court, a party cannot appear to urge objections on the merits, seeking to avail himself of a deci-

The People agt. Gale.

sion in his favor, and at the same time reserve a right if it should be against him, to assail the form in which the essential subjects in dispute have been presented.

And 3d. It is very doubtful whether it would be a proper exercise of the discretionary power of this court on an application for a *mandamus*, to grant it on an occasion merely concerning the practical proceedings in another, though inferior court of judicature.

*New - York Special Term, June,* 1858.

APPLICATION for *mandamus* to the clerk of the marine court.

W. B. WEDGWOOD, *attorney for relator.*

CLERKE, Justice.  The opinions which I intimated on the argument of this motion, have been confirmed on careful examination and deliberation.  In the action in which it is claimed by the relator that this court should by mandamus compel the clerk of the marine court to issue an execution, an appeal was taken by the defendant in that action, to the general term of that court.  A motion was made before the special term of the said court by the plaintiff, to dismiss the appeal on various grounds of irregularity, of which the principal was, that the time for appealing had elapsed before the appeal was taken. The motion was granted, but was afterwards reversed by the general term.  The appeal then proceeded on its merits, and the judgment of the special term in favor of the plaintiff, was reversed by the general term.

The relator, who was the plaintiff in that action, asks this court for a *mandamus*, to compel the clerk of the marine court to issue an execution, notwithstanding the reversal, on the ground that all the proceedings founded on the appeal were void, and that the judgment of the special term remains in full force.  The question on the motion to dismiss the appeal, decided by the general term, was one concerning the regularity or validity of proceedings within its own especial cognizance; and with regard to which, it is proper that its decisions should generally be deemed conclusive.  If, indeed, the time allowed

by the statute for appealing from the special to the general term has expired, the court have no power to extend it; but they are the best judges of the fact whether the time has expired, and whether all the other proceedings in relation to it are regular. And, however erroneous we may suppose their decision on this point to be, however inconsistent with the fact we may suppose it to be, it cannot be said, that all their subsequent action predicated on this decision is absolutely void, as if it was *coram non judice;* and on no other ground could we grant a *mandamus* to the clerk to issue execution on the judgment of the special term. This is not analogous to a case where they may undertake to exercise power in relation to subjects or persons, over which or over whom they had no jurisdiction whatever; as if they issued an injunction, or attempted to compel the specific performance of a contract, or as if they undertook to exercise that general control and superintendence over public bodies, officers, and all other courts of original jurisdiction, which belongs to this court alone, by issuing for example, a *mandamus,* such as the relator demands on the present application. Then, certainly, every proceeding founded on such an usurpation of power, would be totally and irreparably void. But the action in which the proceedings occurred complained of by the relator, was confessedly within the cognizance of the marine court. They had legal possession of the subject, and jurisdictional control over the persons of the litigants; and they alone had a right to pass upon the regularity of the proceedings in that action, except so far as those proceedings may be liable to review *by the ordinary methods of appeal to a higher court.*

Again; even if the proceedings relative to the appeal had been a nullity, and even if it did not belong to the inherent and essential powers of the court to pronounce whether they were regular or irregular, whether they were amendable or not amendable, or whether they did or did not constitute a nullity, yet I perceive, that the counsel for the relator, after unsuccessfully moving to dismiss the appeal on the ground of irregularity and nullity, argued the meritorious points involved in

the case, on the appeal before the general term of the court. This, I consider a complete waiver of all defects relating to the *manner* of the appeal, although before the argument on the merits, they might have amounted to a nullity. Provided the action is legitimately within the jurisdiction, a party cannot appear to urge objections on the merits, seeking to avail himself of a decision in his favor, and at the same time reserve a right, if it should be against him, to assail the form in which the essential subjects in dispute have been presented. This would scarcely be deemed fair at any kind of game, whatever may be the nature or value of the stake. Doubtless, mere nullities, in general, cannot be waived by implication, and may be taken advantage of, notwithstanding an inconsistent step by the party objecting. But this is far from being universal. Like all other general rules, particularly in legal science, it must be understood with qualifications. A nullity in an early stage of a cause or proceeding, may be inferentially waived, when it is only a formal defect, as in the case referred to by *Chitty* in his *Practice:* "If a defendant plead in bar, and there has been a regular trial and verdict, it is not to be supposed that the latter, or the judgment and execution thereon, would be afterwards set aside, on the ground that there was no summons, or no formal appearance for the defendant entered." · So, also, if the time for appealing elapsed, although the court have no power to extend the time, and although the respondent does not waive his objection by merely moving to dismiss the appeal, yet if he appears and argues the case on its merits, he cannot afterwards take advantage of the defect, however fatal it might have been, if he had declined to appear at the hearing.

I repeat, therefore, what I intimated on the argument of this motion, that it is not within my province on this occasion, to review the proceedings which constitute the alleged defects in this case. The court which had jurisdiction of the action, was the proper place in which to decide whether they were regular or irregular, void or not void; and even if its power on this subject were questionable, the relator by appearing on

the argument of the appeal, waived all objections to the manner in which it was brought before the appellate authority.

And even if this were not so, it is very doubtful whether it would be a proper exercise of the discretionary power of this court on an application for this high prerogative writ, to grant it on an occasion merely concerning the practical proceedings in another, though inferior court of judicature; which I think it expedient for several reasons, should have complete control over its own practice, in all instances not compromising the interests of substantial justice. This writ, undoubtedly, is of a most extensive remedial nature; but policy, convenience and justice, alike dictate that we should be cautious in awarding it.

Motion denied, with $10 costs.