TIMERMAN v. THE SOUTH DENVER REAL ESTATE COMPANY.

1. JURISDICTION OF THE SUPREME COURT.

The supreme court has no jurisdiction upon appeal or writ of error to review the judgment of a district court where the action does not relate to a franchise or freehold, where no constitutional question is involved and where the judgment of the court below was one of nonsuit.

2. SAME.

The amount claimed or involved is not a test of the jurisdiction of the supreme court, but the amount of the judgment, or in replevin, the value of the goods found, is the criterion in this particular.

*Error to the District Court of Arapahoe County.*

Mr. W. B. FELKER and Mr. L. S. DIXON, for plaintiff in error.

Messrs. WOLCOTT & VAILE, for defendant in error.

PER CURIAM. This action was commenced in the district court by plaintiff in error for damages for breach of contract to convey certain real estate situate near the city of Denver.

The action does not relate to a franchise or freehold as these words are used in the act entitled, "An act in relation to courts of review," etc., and no constitutional question is argued or raised that would give this court jurisdiction upon appeal or writ of error. Session Laws of 1891, p. 118 ; *Wyman v. Felker*, 18 Colo. 382 ; *Trimble v. The People*, 19 Colo. 187.

At the close of plaintiff's evidence a motion for a nonsuit was sustained and judgment entered for the defendant. Under these circumstances the writ of error was improperly sued out from this court. The statute referred to does not make the amount claimed or involved the test of the jurisdiction of this court. The amount of the judgment, or in replevin the value of the goods found, is made the criterion in this particular. Although plaintiff in his complaint claims damages in the sum of $150,000, he having suffered a nonsuit at the trial, this court has no jurisdiction to review the judgment, and the writ of error will accordingly be dismissed.

*Dismissed.*