[**No. 3561.**]

SMITH v. SMITH, ADMINISTRATRIX, ET AL.

</div>

JURISDICTION.

Action to set aside and annul a decree of divorce. The party in whose favor it was granted having died in the mean time, his administratrix was made defendant, and one claiming to be father and sole heir of the decedent was permitted to intervene. Decree dismissing the complaint. *Held*, on error by the plaintiff, that this court is without jurisdiction to entertain the writ.

*Error to the District Court of Arapahoe County.*
VOL. XXIV—8

Messrs. JACOWAY & HUNT, for plaintiff in error.

Mr. ERASTUS W. SMITH, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

On the 28th day of April, 1894, in the county court of Arapahoe county, Minor C. Smith obtained a decree of divorce against his wife, Jessie C. Smith. On the 13th day of the following June he died, leaving no children. The object of this action, begun June 26, 1894, by Jessie C. Smith, claiming to be the widow of Minor C. Smith, was to obtain a decree of court to set aside and cancel said decree of divorce; and Edna May Smith, who was appointed administratrix of his estate, was made defendant. During the pendency of the action an order of court was entered, apparently by consent of parties, certainly without objection, permitting Benjamin F. Smith, the father of Minor C. Smith, and who claimed to be his sole heir at law, to file a petition of intervention, upon the ground that, as such heir, he had an interest in the litigation adverse to the plaintiff.

To an amended complaint a joint demurrer was filed by the defendant and the intervenor, the ground being that the facts set forth therein did not constitute a cause of action. This demurrer was sustained, and the plaintiff electing to stand thereby, judgment was entered dismissing the complaint. To reverse this judgment of the district court the plaintiff prosecutes this writ of error.

It is manifest that this court has not jurisdiction to determine this cause upon this writ of error. Although the defendants in error do not question the jurisdiction of this court, yet such appellate jurisdiction, where none exists by law, may not be conferred by agreement of the parties, or by acquiescence upon the part of the defendant in error. Jurisdiction, if it attaches at all, is because the constitution, or some statute of the state has given it. It is not conferred by our constitution, and the general assembly by statute

has provided that "no writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment * * * exceeds two thousand five hundred dollars, exclusive of costs. *Provided,* This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the State or of the United States is necessary to the determination of a case." Session Laws, 1891, p. 118.

By the judgment of the district court the action was merely dismissed and costs against the plaintiff awarded; so the amount of the judgment does not confer jurisdiction. Neither is any constitutional question involved, nor does the controversy relate to a franchise or freehold. That a freehold is not involved is apparent from two considerations. There is no allegation in the amended complaint that Minor C. Smith died seized or possessed of any real property; but if such fact was made to appear in this record, the necessary effect of the judgment of the district court in this action would not be to take the title from one of the parties or vest it in the other. Even if the decree of divorce had been held void, and judgment had gone for the plaintiff, the effect of the judgment so declaring would be merely to make the plaintiff the sole heir at law, and if her husband left any real estate, it would pass to her, not as the result of the decree annulling the prior decree of divorce, but in virtue of an order of distribution made by the county court in the probate proceedings after all the debts were paid and the administration closed.

The writ of error, therefore, is dismissed without prejudice, with leave to the plaintiff in error, if she sees fit, to withdraw the transcript of the record and printed abstracts and her briefs.

                                                    *Dismissed.*