[No. 3865.]

## THE ST. JOE AND MINERAL FARM MINING CO. ET AL. v. THE FIRST NATIONAL BANK OF ASPEN.

JUDGMENT—JURISDICTION OF THE SUPREME COURT.

A judgment is the final determination of the rights of the parties in the action or proceeding, and it makes no difference whether it is what would formerly be called a judgment or decree. If a liability is determined to exist and is measured in money; whether it confers upon the successful party the right to an execution or subjects certain property to be sold for its satisfaction, it is a money judgment. And where the liability established against the defendant is for more than $2,500, exclusive of costs the supreme court has jurisdiction on appeal.

*Appeal from the Court of Appeals.*

*Motion to dismiss appeal.*

THIS suit was originally instituted in the district court of Pitkin county, by the First National Bank of Aspen, as the legal owner and holder of the promissory note of the St. Joe and Mineral Farm Consolidated Mining Company and The Mineral Farm Consolidated Mining Company, for the sum of $40,000, secured by a trust deed upon certain property, for the purpose of procuring the substitution of a trustee to execute the powers of the trust, because of the absence from the state of the trustee designated therein. It averred its ownership of the note, the amount due thereon, and its right to cause the sale of the property to be made, under the terms of said trust deed, for the purpose of collecting the same; and prayed "for an order, judgment and decree, appointing and designating a successor in trust, with full power and authority to exercise and perform any and all the duties, powers and authority conferred and granted by said deed of trust unto the same Aaron Heims, as such successor, to the end that said trustee may proceed under the terms and provisions of said deed of trust, to make sale of said property, or

so much thereof as may be necessary, in order to secure unto this plaintiff full payment and satisfaction of said promissory note, interest, * * * costs," etc.

The answer of appellant companies denied the allegations of the complaint, except that the trustee had departed from the state; averred that the note was made by one B. Clark Wheeler, for his own use and benefit, and that he had no right or authority to execute the same in the name of defendant companies; that the note was entirely without consideration, and that the same came into the hands of plaintiff with knowledge of such defects. They also interposed a cross-complaint, setting forth the illegality of the transaction, the invalidity of the note, and prayed, among other things:

"That said note be delivered up by the said The First National Bank of Aspen, and cancelled, and that said deed of trust be satisfied of record, and declared to constitute no lien or charge upon the property of these cross-complainants."

To the answer and cross-complaint plaintiff filed a replication, and upon the issues joined, the case was tried to the court. The court made certain findings in favor of plaintiff, and thereon entered the following judgment:

"And the court doth order, adjudge and decree that the said plaintiff is the owner and holder of the note described in said complaint, and that the same is a valid and subsisting note and indebtedness against the said defendants The St. Joe and Mineral Farm Consolidated Mining Company, and The Mineral Farm Consolidated Mining Company, and that there is now due thereon, principal and interest, the sum of $53,469.32, and that the said deed of trust above mentioned and set forth in the said complaint herein is a valid and subsisting lien on the property therein described and hereinbefore described for the purpose of securing the payment of said note, principal and interest, and the expenses connected therewith, as provided in said deed of trust; and that Benjamin Strawbridge, of Aspen, Pitkin county, Colorado, be and is hereby appointed trustee in and

under said deed of trust, with all powers, rights and authorities conferred and granted by the terms of said deed of trust upon the trustee therein named, with full power and authority in lieu and instead of the trustee and successor so in said deed of trust named and provided for, to sell the property therein and in this decree described, under, by virtue of, and in accordance with the terms and provisions of said deed of trust, and to have and exercise any and all power, authority and rights therein conferred upon the trustee therein named as fully as though the said Benjamin Strawbridge had been named as the original trustee in said deed of trust, and in pursuance of the powers therein granted for the purpose of enforcing the payment of said note, principal and interest, according to the terms of said deed of trust."

Mr. WILLIAM O'BRIEN and Messrs. PATTISON, WALDRON & DEVINE, for appellant.

Mr. R. G. WITHERS, Mr. H. L. McNAIR and Mr. CHARLES J. HUGHES, Jr., for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The case is brought here on appeal from a judgment of the court of appeals, affirming the judgment of the district court. Appellee moves to dismiss the appeal on the ground that this court has no jurisdiction to entertain the same. The precise question presented by this motion has never been passed upon by this court, and that is, whether for the purpose of our jurisdiction, a judgment like that of the district court exceeds $2,500 exclusive of costs, within the intent and meaning of section 1, page 118, Session Laws of 1891, it being conceded that the matter in controversy does not relate to a franchise or freehold, and does not involve the construction of any constitutional provision. As defined by the civil code, section 221: "A judgment is the final determination of the rights of the parties in the action or

proceedings," etc.   This definition is decisive as to what is a judgment under the code; and it makes no difference whether it is what would formerly be called a judgment or decree. It is a determination by the court of the matters in issue in the particular case as to whether a liability does or does not exist.   If the liability is held to exist, and is measured in money, the manner of its discharge does not affect the character of the judgment; and whether it confers the right upon the party in whose favor it is pronounced to an execution, or subjects certain property to be sold for its satisfaction, it is, we think, a money judgment in the sense of the statute.

While the primary object of this action was to substitute a trustee in lieu of the one originally appointed, yet the pleadings in the case also involve the validity of the note, the liability of the defendant thereon, and the right of plaintiff to subject the property described in the trust deed to its payment.   The court below adjudicated these matters and determined these issues; and its judgment, unless appealed from, was final and conclusive as between the parties, as to the validity of the note, and the amount due to the plaintiff from defendants thereon.   It seems clear, therefore, that the obligation it imposed was measured in money, and can be satisfied only by the payment of money.

If plaintiff had elected, as it might have done, to have proceeded in equity to foreclose the trust deed, instead of having a new trustee appointed to sell the property under its terms, and in that proceeding the court had, as in this case, determined that the note was a valid obligation against the defendants, and that there was due thereon upwards of $50,000, and had decreed the mortgaged property to be sold in satisfaction thereof, it would hardly be claimed that such a determination would not constitute a judgment, within the terms of the statute, appealable to this court.   And yet, to all intents and purposes, such a judgment is identical with the one rendered in this case, and differs only in the manner in which the obligation imposed thereby is to be satisfied.

Our conclusion is that this judgment establishes a liability against the defendants for more than $2,500, exclusive of costs, and might have been brought here for review in the first instance, and that we have jurisdiction of this appeal from the judgment of the court of appeals. The motion is, therefore, denied.

*Motion denied.*