[No. 4042.]

## TAYLOR ET AL. v. THE COLORADO IRON WORKS.

APPELLATE PRACTICE—JURISDICTION—APPEAL FROM COURT OF AP-
PEALS.

The question as to whether or not the supreme court has jurisdiction to
review the judgment of the court of appeals in a case taken from
the district court to the court of appeals, is to be determined from
the judgment of the district court and not from the judgment of
the court of appeals. If the judgment of the district court is such
that the supreme court has not jurisdiction to review by direct ap-
peal from or error to that court, then it has no jurisdiction to review
the judgment of the court of appeals thereon, no matter what that
judgment may be.

*Appeal from Court of Appeals.*

*Motion to Dismiss Appeal.*

Messrs. HOAG & INGERSOLL and Mr. J. WARNER MILLS
for appellants.

Messrs. TELLER & ORAHOOD for appellee.

PER CURIAM. This case was originally brought in the dis-
trict court of San Miguel county, and involves the right of the
Colorado Iron Works to a mechanic's lien for work, labor and
materials furnished, amounting in the aggregate to upwards
of $4,000, for the erection of certain mill improvements upon
a mill site owned by Taylor and Leonard. The materials and
work were furnished to the Alleghany Mining Company,
which was in possession of the property, and erected the im-
provements under and in pursuance of a contract to purchase
the latter. The district court rendered judgment against
the mining company for the amount claimed, but denied ap-
pellee's right to a lien against the property of appellants, and
rendered judgment in their favor for costs. On appeal to
the court of appeals the judgment of the district court was

reversed, and the cause remanded, with instructions to modify its decree so as to give appellee a lien upon the title and interest of appellants in the improvements erected and the mill site upon which they are situate. From this judgment Taylor and Leonard prosecute this appeal. The appellee moves for an order dismissing the appeal, upon the ground that this court has no jurisdiction to entertain it.

Counsel for the respective parties have discussed this motion upon the theory that the judgment of the court of appeals is the criterion by which our jurisdiction is to be determined; and have devoted their entire arguments to the question of whether or not that judgment was in effect a judgment for more than $2,500, exclusive of costs, and therefore appealable to this court under section 1 of the court of appeals act (Session Laws, 1891, p. 118), or one that merely established a mechanic's lien against the property of appellants, and, therefore, not within our appellate jurisdiction. In our opinion, such an inquiry is entirely unnecessary, since it is clear, from the express terms of that act, that our appellate jurisdiction depends upon the character of the judgment rendered by the district court, and whether an appeal would lie to this court from that judgment in the first instance. Section 1 provides:

" No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment * * * exceeds two thousand five hundred dollars exclusive of costs. *Provided*, This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case."

Section 15, *inter alia*, enacts:

" Writs of error from, or appeals to, the supreme court shall lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance."

It will be seen that the judgment rendered by the district

court does not come within any of the classes enumerated in section 1, and could not have been brought to this court for review in the first instance; and, therefore, the present is not a case in which an appeal will lie to review the judgment rendered by the court of appeals. Without expressing any opinion as to whether or not the decree directed by the court of appeals, when entered by the district court, comes within our appellate jurisdiction, we are satisfied that we are without jurisdiction to entertain the present appeal; and the same is accordingly dismissed.