[No. 1797.]

SMISSAERT ET AL v. THE PRUDENTIAL INSURANCE CO.

1. PLEADING—AMENDMENT—MOTION TO STRIKE.
A motion to strike an amended complaint from the files on the ground that the complaint was amended without leave after it had been filed with the clerk, by adding thereto an allegation of parties supported by an affidavit which did not attempt to state the facts, but was an affidavit of counsel that he was informed by the clerk and therefore believed such was the fact, was properly denied as there was no proof of facts upon which the court could act.

2. TRUST DEEDS—ACTION TO APPOINT NEW TRUSTEE.
Where the trustee and successor in trust named in a deed of trust both resigned and refused to execute the trust, the court had power to appoint a trustee to execute the trust, and the *cestui que trust* could maintain an action for that purpose, and the fact that the beneficiary was a corporation and the resigning trustee and successor were its president and attorney, was immaterial.

3. SAME—STATUTORY CONSTRUCTION.
The statute of 1894 providing for a public trustee and providing that all trust deeds, naming any other than the public trustee, shall be construed as mortgages and foreclosed only in court, does not apply to deeds of trust executed prior to its adoption and in which the

time of payment has been extended so that they mature after it took effect. Upon the failure of the trustee in such deed to execute the trust, the court may appoint a trustee to execute it at the suit of the beneficiary.

*Appeal from the District Court of Arapahoe County.*

Messrs. DOUD & FOWLER, for appellants.

Messrs. BENEDICT & PHELPS, for appellee.

BISSELL, P. J.

This appeal possesses little merit and necessitates but slight consideration and statement.

Jacob H. Smissaert in 1889 executed a deed of trust on certain property to secure a certain amount of money, payable at a specified date. On its maturity there was an extension for a fixed time so that it ultimately fell due in 1894. There was a trustee and a successor in trust named in the trust deed, one Dryden and the other Ward, both of whom resigned and refused to execute the trust, although one was president and the other attorney of the insurance company which held the loan and for whose advances it was executed. Thereafter there being a default and no trustee, the insurance company brought this suit to obtain the appointment of a trustee for the purposes of sale. The case went to a decree, the trustee was appointed and from that decree the parties appealed.

Only one or two questions are argued and these could be disposed of by a suggestion and without the citation of an authority, but since counsel have supported their proposition by argument we will briefly refer to them. Taking up the case in the inverse order of the appellants' argument, it is suggested as an error that the court erred in overruling a motion to strike an amended complaint from the files. The contention is that the complaint was amended without leave by the addition of an allegation of parties after the com-

plaint had been filed with the clerk of the district court, although it was probably before process. Whether before or after as we look at it, is immaterial. The motion to strike was supported by an affidavit which did not attempt to state the facts, but was an affidavit of counsel who said that he was informed by the clerk and therefore believed such was the fact. There was no proof regarding what the fact was and the court very promptly denied the motion. In this we think the court did not err. There was no proof of facts sufficient to warrant the court to act. Aside from this, there was subsequently a general appearance entered in the case, answer filed, proof made, and the cause ultimately went to judgment. We doubt seriously whether under those circumstances, even if the affidavit had been true, the matter would so affect the substantial rights of the parties that we would have the right under the statute to reverse the judgment. We express no opinion about the power of amendment under the circumstances stated in the affidavit.

The next proposition insisted on is that the parties ought to have brought a suit to foreclose the trust deed, treating it like a mortgage with the incidental right of redemption etc., and that there was no power on the part of the court to appoint a trustee notwithstanding the failure and refusal of the original appointees to act. One of the first principles in equity that all lawyers learn is that a trust will not be allowed to fail for lack of a trustee. We see no reason why this principle is not here applicable. The fact that one trustee was the president and the other the attorney for the insurance company makes no difference with the proposition. They were appointed not as president nor as attorney, but as individuals, and being such they had a right to resign, and when that happened the insurance company had a right to proceed with the foreclosure of their trust deed in the manner provided by statute, and to that end could go into court and procure the appointment of a trustee. The validity of this practice has received the sanction of the supreme court in a case brought for that identical purpose. *St. Joe. Co.,*

*etc., v. First Nat. Bank of Aspen*, 24 Colo. 537. If it had not been so decided we would have had no difficulty in reaching this conclusion.

The next proposition relied on is based on the statute of 1894 which provides that thereafter as to all future trust deeds the public trustee must be named as the individual who is to act and, speaking generally without quoting the statute exactly, in other cases, or in case of failure to observe the statute, the parties must proceed to foreclose as though the trust deed was a mortgage. It is sought to apply that statute to the present case because of the extension of time for payment, so that the maturity did not occur until after the taking effect of the statute and possibly the extension was made after the statute took effect. It makes little difference which was true, or whether both were, the statute is not applicable under those circumstances, because this case is not controlled by the statute and the fact that there was an extension does not bring it within its operation. This question was recently decided by the supreme court. The decision was subsequent to the filing of the briefs. Had the decision been published the point probably would not have been relied on. *Brewer v. Harrison et al.*, 27 Colo. 349. These are all the questions presented by the appeal, and since none of them possess any merit or suggest substantial error, the judgment will be affirmed.

*Affirmed.*