## [No 4461.]

## TAYLOR ET AL, V. THE COLORADO IRON WORKS.

1  APPEALS—FAILURE TO FILE TRANSCRIPT—DISMISSAL.

When there are thirty days between the time of making an appeal to the supreme court and the beginning of the next term of said court and the appellant fails to lodge with the clerk an authenticated copy of the record of the judgment appealed from on or before the third day of said term, and fails to get an extension of time for filing such record, a record filed after the third day of said term comes too late and the appeal will be dismissed.

**2.  SAME—DOCKETING ON ERROR—JURISDICTION.**

Where an appeal is dismissed for want of jurisdiction to entertain the appeal and the court is in doubt as to whether or not it would have jurisdiction of the cause had it come up on writ of error it may order the case docketed on writ of error without prejudice to the right of appellee on final hearing to move to dismiss for want of jurisdiction.

*Appeal from the District Court of San Miguel County.*

*On motion to dismiss appeal.*

Mr. H. M. HOGG, Mr. S. R. FITZGERALD and Mr. CALVIN E. REED for appellants.

Mr. H. M. ORAHOOD and Mr. C. M. KENDALL for appellee.

*Per Curiam.*—In this action, brought to enforce a lien for materials furnished for buildings under the general lien act, there was a personal judgment by the district court of San Miguel county in favor of The Colorado Iron Works for more than four thousand dollars against the Allegheny Mining Company, the purchaser and builder, and the same was declared to be a lien upon its interest in certain mill improvements upon a millsite owned by Taylor and Leonard, other defendants, but a lien upon their interests was denied.   Upon an appeal to the court of appeals, the decree of the district court was modified, and instead of ordering a reversal for a new trial the court of appeals itself rendered a decree making the money judgment a lien upon the title and interest of Taylor and Leonard in the premises, as well as of the Allegheny Mining Company.   The cause was remanded and a mandate issued embodying specific instructions to the district court to enter the decree of the appellate tribunal and to carry the same into effect. *Colo. Iron Works v. Taylor*, 12 Colo. App. 451.

After the judgment of the court of appeals was given, an attempt was made by Taylor and Leonard to have it reviewed by an appeal to this court. The appeal, however, was dismissed for want of jurisdiction to entertain it, and the opinion closed with this sentence:

"Without expressing any opinion as to whether or not the decree directed by the court of appeals, when entered by the district court, comes within our appellate jurisdiction, we are satisfied that we are without jurisdiction to entertain the present appeal." *Taylor et al. v. Colo. Iron Works*, 27 Colo. 310.

When the remittitur was received by the trial court, the latter proceeded to execute the mandate by entering on May 28, 1901, the decree of the appellate court. An appeal therefrom to this court was prayed by Taylor and Leonard, and their appeal perfected by the filing of an appeal bond on the 26th of June, 1901. The case was docketed here January 15, 1902.

The appellee now moves to dismiss the appeal upon several grounds, only two of which will be discussed: *first*, that the cause was not docketed here within the time required by section 389 of the code; *second*, this court has not jurisdiction to entertain the appeal.

1. The code section requires the appellant to lodge in the office of the clerk of the supreme court an authenticated copy of the record of the judgment or decree appealed from, by or before the third day of the next term of said supreme court, *provided*, there be thirty days between the time of making the appeal and the sitting of the supreme court, with a further proviso for an extension of time for good cause shown. No request for an extension of time was made. The next ensuing term of this court after the

perfecting of the appeal began on the second Monday of September, 1901. There were more than thirty days, therefore, between the making of the appeal and the third day of that term, and the appellants, not having lodged with the clerk the required copy until the 15th day of January, 1902, and their time not having been extended, are too late, and jurisdiction is lacking to entertain their appeal. This ground of the motion is not controverted by appellants. The appeal must be dismissed.

2. Section 388a, Mills Ann. Code, provides that whenever the supreme court shall dismiss an appeal for lack of jurisdiction to entertain the same, and it appearing that the court would have jurisdiction if the action had come up on writ of error, the court shall order the clerk to enter the action as pending on writ of error. Appellants have invoked this section, and asked to have the cause redocketed on writ of error. Unless we have jurisdiction on error to review the judgment complained of, it would be idle, indeed, would be an unauthorized act, to grant the order; but if we have jurisdiction, the cause should be redocketed in accordance with appellants' request. The observation above, quoted from our opinion when the former appeal was dismissed, was made because the contention at that time was that our jurisdiction would also be lacking to review the action of the district court in executing the mandate of the court of appeals. That question was not then, as it is now, present for decision.

Appellee's position is, under the doctrine announced in *Fischer v. Hanna*, 21 Colo. 9, though the money judgment is for more than $2,500, that fact does not confer jurisdiction, even though the decree is made a lien on appellants' property, because the

money judgment is not against them personally. And *Paddack v. Staley*, 24 Colo. 190, and *Timerman v. S. Denver R. E. Co.*, 20 Colo. 147, are cited to the same point. Appellee further contends that if we could not directly review the judgment of the court of appeals, as we decided we could not, for precisely the same reason then assigned we may not by indirection do so by passing upon the order of the district court which merely acted in a ministerial capacity in entering the very decree which we have already announced we lacked jurisdiction to review.

Appellants on the contrary, say that, under the doctrine of the latter cases, *Mining Co. v. Bank*, 24 Colo. 537, and *Standley v. Mfg. Co.*, 25 Colo. 376, our jurisdiction is invoked, for the judgment attacked is the judgment of the district court; it is for more than $2,500; and as it is made a lien on appellants' property, it is, in the sense of the expression as used in our appeals act, a money judgment which gives to the party injuriously affected by it the right to a hearing in the supreme court. If true, the principle of these latter cases does not cover the last contention of appellants.

Mr. Justice Gabbert, having presided at the first trial below, does not participate in this decision, and the other members of the court do not feel themselves justified in determining from the arguments presented the important question raised. Indeed, there is some doubt whether, as at present advised, they would be able to concur in a decision as to whether a writ of error lies. Considering the premises, therefore, the motion to dismiss the appeal will be granted, and we have concluded that the rights of both parties will be thereby the better guarded to allow appellants' counter-application to redocket the

cause on writ of error without prejudice to the right of appellee on final hearing to renew its application to dismiss, and the court reserves for decision until that time the question of its jurisdiction.

*Appeal dismissed and redocketed on error.*

Mr. JUSTICE GABBERT not sitting.