[No. 4473.]

## TAYLOR ET AL. V. THE COLORADO IRON WORKS.

1.  **Appellate Practice—Review of Court of Appeals' Judgment by Supreme Court.**

There is no distinction between appeals and writs of error so far as they affect the jurisdiction of the supreme court to review judgments of the court of appeals. If the supreme court has not jurisdiction to review a judgment of the court of appeals by one method, it has not jurisdiction to review it by the other.

2.  **Same—Redocketing on Error.**

Where an appeal from the court of appeals to the supreme court was dismissed for want of jurisdiction, even if the cause should have been redocketed on error, if appellee failed to ask that the cause be redocketed it is too late to raise that question when the cause again comes to the supreme court from a judgment entered by the district court under direction of the court of appeals.

3.  **Appellate Practice—Direction of Judgment—Review.**

Where the court of appeals directed the trial court to enter a specific judgment, which was entered, the judgment so entered was, in legal effect, the judgment of the court of appeals, and if the supreme court had no jurisdiction to review direct the judgment of the court of appeals, it had not jurisdiction to review the judgment entered by its direction.

4.  **Appellate Practice—Appeal and Writ of Error—Jurisdiction —Waiver.**

Where the court of appeals had not jurisdiction to review a cause by appeal, but had jurisdiction of the subject-matter, and in case of dismissal of the appeal should have redocketed the case on error, if the appellees appeared and argued the case upon its merits, without asking a dismissal of the appeal, after the appellate court had entered its final judgment in the cause it was too late for appellees to object that jurisdiction by appeal did not lie, and the fact that no order was entered redocketing the cause on error and that the judgment was rendered on appeal, would not make it void.

5.  **Appellate Practice.**

Where plaintiffs recovered a personal judgment against one defendant, but were denied the relief asked for of making their judgment a lien on the property of other defendants and appealed from the latter part of the judgment to the court of appeals, and appellees on appeal did not present any cross-errors nor object to the amount of the judgment, nor ask that the cause be sent

back for a new trial that their right of appeal to the supreme court might be preserved, but only presented the one question that their property was not subject to the lien of the judgment, and the court of appeals having directed that the judgment be made a lien on their property they cannot on appeal to the supreme court from such directed judgment contest the question of the amount of the judgment.

6. **Appellate Practice—Void Judgment—Assignment of Errors.**

In order to attack a judgment on the ground that the court was without jurisdiction to render it, that ground should be assigned as error.

7. **Appellate Practice—Directed Judgment—Bill of Exceptions.**

Where, on appeal to the court of appeals, the judgment was reversed and the lower court was directed to enter a specific judgment, on appeal to the supreme court from such directed judgment, the bill of exceptions which was before the court of appeals cannot be considered by the supreme court.

8. **Appellate Practice—Jurisdiction.**

Where, on appeal or writ of error pending in the court of appeals, of which the supreme court has not jurisdiction, the court of appeals enters final judgment or directs the lower court to render a specific judgment, such judgment is not the subject of review in either appellate court.

*Error to the District Court of San Miguel County: Hon. Theron Stevens, Judge.*

Mr. H. M. Hogg and Mr. S. R. Fitzgerald (Mr. Calvin E. Reed of counsel), for plaintiffs in error.

Mr. H. M. Orahood and Mr. C. M. Kendall, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court.

W. A. Taylor and John Leonard owned some mining claims and a mill site in San Miguel county. They entered into a contract with W. A. Clark for the sale of the property, which, among other things, required the vendee to erect, or repair, a mill thereon. Clark's rights and interests under this contract passed by assignment to The Allegheny Gold Mining

& Milling Company, which proceeded to fulfill its terms, and to that end contracted with The Colorado Iron Works and others to furnish the necessary material and do the required work. The mining company failed to pay for the same, and liens upon the property were filed, and in an action to foreclose them, in which Taylor and Leonard were parties, a personal judgment was rendered in favor of The Colorado Iron Works against the mining company in a sum exceeding four thousand dollars, which was made a lien upon the interests which the mining company owned in the property, but not upon the interests of Taylor and Leonard.

From that portion of the judgment denying a lien upon their interests, The Colorado Iron Works took the case, by appeal, to the court of appeals, which court, upon final hearing, held that the judgment should have been made a lien upon the interests of Taylor and Leonard, the fee owners, as well as upon the interests of the mining company. And the court, believing that there was no reason for a new trial, reversed the judgment and remanded the cause to the district court with specific instructions to modify its decree so as to extend the lien to the title and interests of Taylor and Leonard to the mill erected or repaired by The Colorado Iron Works, the machinery therein, and the mill site.—*Colo. Iron Works v. Taylor*, 12 Colo. App. 451.

Taylor and Leonard prosecuted an appeal from the judgment of the court of appeals to this court, but, upon motion of appellees, the appeal was dismissed upon the ground that the supreme court had not jurisdiction to entertain it.—*Taylor v. Colo. Iron Works*, 27 Colo. 310.

Thereafter the remittitur went down from the court of appeals to the district court, and the latter executed the mandate by modifying the original

decree theretofore entered so as to make it conform to the specific directions of the court of appeals. From that judgment Taylor and Leonard appealed to this court, which appeal was, on motion, dismissed because appellants had not, within the time required by our statute, lodged with the clerk of this court an authenticated copy of the record. Appellants' cross-motion for leave to have the cause redocketed on error was granted, but the court expressly reserved until final hearing decision as to its jurisdiction to entertain the writ of error.—*Taylor v. Colo. Iron Works,* 29 Colo. 372.

The cause has now been reached on final hearing, and defendant in error has renewed its application to dismiss the pending writ of error upon the ground that there is no jurisdiction in the supreme court to entertain it. It will be well to state generally some of the positions assumed by the respective parties in order to bring out the nature of the controversy.

Defendant in error contends that the judgment entered in the district court after the cause was remanded by the court of appeals, being strictly in accordance with the directions of the mandate of the latter, was, and is, in legal effect, the judgment of the court of appeals, and not that of the district court, which, in this particular, was simply acting in a ministerial capacity to carry out the commands of the higher tribunal, and is, therefore, not reviewable in either appellate court; that since the supreme court, in *Taylor v. Colo. Iron Works,* 27 Colo. 310, dismissed, for want of jurisdiction, the appeal which had been taken directly from the judgment of the court of appeals to the supreme court, before the remittitur had been sent down to the trial court, that holding logically results in the conclusion that jurisdiction is also lacking to entertain this writ of error to review indirectly what, in legal effect, is the same

judgment of the court of appeals, which the supreme court had once refused to review by a direct appeal. Defendant in error also says that the only error which has been properly assigned to the judgment here sought to be reviewed is that the court of appeals made a mistake in establishing as a lien upon the property of Taylor and Leonard the judgment rendered against The Allegheny Mining Company, and as that question can be determined only from an examination of a bill of exceptions containing the proceedings which culminated in the judgment, and there being no bill before us, this court, even has it jurisdiction of this writ, will not enter upon a fruitless investigation.

The plaintiffs in error, on the contrary, contend that the judgment we are asked to review is that of the district court; and as its money judgment against the mining company in excess of $2,500, was made a lien upon the property of plaintiffs in error, it is, under the doctrine of *Standley v. Mfg. Co.*, 25 Colo. 376, and *Mining Co. v. Bank*, 24 Colo. 537, sufficient to invoke the jurisdiction of this court, and that, in such a case, final jurisdiction is in the supreme court and not in the court of appeals. They further contend that if the judgment in question is not that of the district court, but, in legal effect, the judgment of the court of appeals, then it must be repudiated in this proceeding for the reason that the court of appeals had not jurisdiction by appeal to review the first judgment of the district court, which, in part at least, was in its favor; for under repeated decisions of this court, a party cannot appeal from a judgment in his favor, although in the trial court he is denied the full relief asked by his pleading. Plaintiffs in error further maintain that, in reality, the decree here attacked is the district court's own decree. From this is deduced the proposition that,

though in form the judgment of the district court carried out the mandate of the appellate court, yet, as the latter was without jurisdiction when the appeal therefrom was before this court and was dismissed for lack of jurisdiction, it was the duty of this court to re-docket the cause on error, because this court could have reviewed the judgment of the court of appeals on a writ of error, although its jurisdiction by appeal was wanting. From the foregoing the respective contentions of the parties clearly appear.

1. We observe, in the first place, that under the court of appeals act, which, so far as the questions now before us are concerned, is the sole measure of our jurisdiction, both by appeal and by writ of error, this court had not the power, by writ of error, to review the judgment of the court of appeals, unless it had the power to do so by appeal. There is no such distinction as counsel for plaintiffs in error assert. A review of judgments of the court of appeals in the supreme court, by appeal or writ of error, is the creature of this act, and where the right thereto by the one method is lacking, there is no right to proceed by the other. When this court dismissed the appeal from the court of appeals because the same was not within its cognizance, and did not order the cause redocketed on error, this was equivalent to a declaration that jurisdiction by writ of error was also lacking. Besides, it is too late for plaintiffs in error to be heard to say that the supreme court ought to have redocketed the cause on error, even if that should have been done, for they did not seasonably ask for such order.

2. That the court of appeals was authorized, under section 398 of the code, in the appeal that was pending before it to render final judgment and cause the same to be entered in its own records, or to direct

what judgment should be rendered by the district court to be entered there, is beyond question; and it is equally clear that the court of appeals did direct the trial court to enter a specific judgment, and when this mandate was carried out by the latter the judgment so entered was, in legal effect, that of the court of appeals. That it could not, thereafter, be reviewed by the court of appeals itself, is conceded.—*Durant v. Essex Co.,* 101 U. S. 555; *In re Sanford Fork & Tool Co.,* 160 U. S. 247; *Stewart v. Salamon,* 97 U. S. 361; *Humphrey v. Baker,* 103 U. S. 736.

This judgment we have already held in the case cited from 29 Colo., *supra,* could not be reviewed by us on appeal, and, as a necessary consequence of that ruling, as we have also heretofore said, could not be passed upon by us upon a writ of error prosecuted directly thereto. It is hard to see, therefore, why, after the judgment of the court of appeals had been carried into effect by the district court, it could be reviewed by us indirectly. But plaintiffs in error say that we should now disregard the judgment of the court of appeals because the same is absolutely void for want of jurisdiction, and if we do that, it leaves before us what is purely a judgment of the district court, rendered upon its own independent view of the law and facts. It is familiar learning that a judgment rendered where the court has not jurisdiction of the subject-matter, is void, and it is beyond the power of the parties, by consent or agreement, to confer such jurisdiction. And the like rule prevails in case of a judgment pronounced by a court upon an appeal where there was no jurisdiction to entertain it, for, as an appeal with us is not a matter of right, but depends upon the statute, if it has not been thereby given, it cannot be conferred by consent of parties.—*Harvey v. Travelers' Ins. Co.,* 18 Colo. 354; *Derry v. Ross et al.,* 5 Colo. 295; *Smith v. Smith,*

24 Colo. 113; *Northrop v. Jenison,* 12 Colo. App. 523; 17 Am. and Eng. Ency. Law (2d ed.), 1061; *Merrill v. Petty,* 16 Wall. 338.

It has also been ruled by this court, in a number of cases, that a party in whose favor a judgment is wholly or partially entered cannot appeal, and that joinder in error does not remove the objection, and that consent cannot confer jurisdiction.—*Fischer v. Hanna,* 21 Colo. 9; *Hall v. Pay Rock C. M. Co.,* 6 Colo. 81; *Booth v. Water Co.,* 9 Colo. App. 495.

Other cases to the same effect might be cited. Whether the rule last mentioned applies to a case like the one before us, where the favorable part of the judgment for plaintiff is against one of the parties defendant to a suit brought to enforce a mechanic's lien, and the unfavorable portion affects a different party defendant, we do not decide. For the purpose of this opinion we shall assume that the rule invoked is applicable here, and we shall also assume that, in an appropriate proceeding, the judgment now complained of would invoke the jurisdiction of this court. It will be observed that all these decisions upon which plaintiffs in error rely, were decided before the passage of the act (section 388a, Mills' Code) authorizing an appellate tribunal to redocket a cause as pending on writ of error, when it has dismissed an appeal for lack of jurisdiction, provided the court would have jurisdiction if the action had come up on writ of error. It has been held that where an appeal is an absolute nullity, if the appellee appears and argues the case on its merits, he cannot afterwards be heard to urge such invalidity if the court had jurisdiction of the subject-matter.—*Glazier v. Carpenter,* 16 Gray 385; *People v. Gale,* 16 How. Pr. 199; *Jones v. Munger, etc., Co.,* 50 Fed. 785.

But the objection here is that the subject-matter was without the court's jurisdiction. As pertinent

to this argument is the decision in *Aspen M. & S. Co. v. Billings,* 150 U. S. 31, 37, where it was held that a decree entered by a circuit court of the United States, in conformity with the mandate of the circuit court of appeals, would not be reviewed, on appeal or writ of error, by the supreme court of the United States, even though the judgment of the circuit court of appeals was absolutely void, the court saying that the appropriate remedy was *certiorari* from the supreme court to the circuit court of appeals. That would seem to be quite in point in the case at bar. It is conceded that the court of appeals had power by writ of error to review the judgment of the district court. That tribunal would have had jurisdiction of the subject-matter then before it, had the cause been brought up by a writ of error. Instead of that, the attempt was made to invoke its jurisdiction by another method of procedure, viz., an appeal.

The statute then implies in that contingency and says that the *appeal* shall be dismissed if the case is not appealable, but the *cause* shall not be dismissed, but redocketed on error, and further proceedings shall be had as though the same had been brought up on error in the first instance. The court of appeals, therefore, having jurisdiction of the subject-matter in an appropriate proceeding, when the appellees (who are the present plaintiffs in error) appeared therein and argued the case upon the merits, it is too late for them thereafter to object that jurisdiction by appeal did not lie. If that objection had been made even so late as upon a petition for rehearing, that tribunal, if it had decided that the objection was good, would have ordered the cause redocketed on error. The fact that such order was not entered, and the further fact that the judgment was rendered on appeal, do not make it void; and appellees forfeited the right to object to the result of a proceeding which

was irregular, but which might have been obviated had the court's attention been seasonably arrested.

3. The plaintiffs in error strongly insist that since by the first judgment of the district court, they were dismissed with their costs, they had no right to contest the question as to the amount of the indebtedness which subsequently was made a lien upon their interest in the property—and no reason to seek to reduce the demand of the judgment creditors—and, therefore, a grievous wrong is done them if they are not now permitted to be heard. This argument has some force, it is true, but it must be remembered that plaintiffs in error were appellees in the appeal before the court of appeals, and filed their briefs; they did not avail themselves of the right which they had to assign cross-errors, and have, up to the present time, made no complaint that the amount of the judgment was excessive. They had an opportunity to be heard before the court of appeals as to all of the questions by which they were in any wise affected, and might have requested that tribunal to remand the cause for a new trial so as to preserve to them the right of review in the supreme court in case of an unfavorable decision, but the only point they made at that time was that their property was not affected by the lien of the judgment rendered against the contractor, and their right now to inquire into that we have denied.

4. If the court of appeals' judgment is void for the reason urged, it does not necessarily follow that plaintiffs in error are now in a position to avail themselves of that objection. Under the established practice in this court, errors must be properly assigned, and we find no assignment of error that the court of appeals was without jurisdiction to render the judgment complained of.

5.  Aside from the foregoing considerations, even if this court had jurisdiction by writ of error to review that judgment, no relief could be awarded. What purports to be a bill of exceptions containing the proceedings in the district court subsequent to the filing of the remittitur from the court of appeals, and which was filed here, was stricken from the files because the same was not preserved in accordance with the established practice.  And if it should be conceded that it is the judgment of the district court and not the court of appeals, which we are asked to review (and this is the contention of plaintiffs in error), then we would be precluded from a consideration of the bill of exceptions which was before the court of appeals.

For a better reason, however, we cannot look into that.  No order of the trial court on the proceedings leading up to the final decree in obedience to the mandate of the court of appeals, was made for incorporating into a bill what transpired upon the original trial in the district court.  It will not do to say that the correctness of the action of the trial court in entering the judgment of the court of appeals is to be determined from an inspection of the bill of exceptions containing what occurred at the original trial, particularly as there is nothing to show that its action was based thereon.  Indeed, the record abundantly shows that the trial court exercised no judicial discretion whatever, but acted only as the representative of the court of appeals in entering up the latter's judgment.  It is too clear for argument that, even if we had power to entertain this writ, we could not, in the state of the record before us, look into the bill of exceptions used in the court of appeals.

Our conclusion is that we do not have jurisdic-

tion, either by appeal or writ of error, to review the judgment of the court of appeals. Had the court of appeals been asked not to enter final judgment, but to remand the cause for a new trial, it might have done so in order to protect the right of the fee owners of the property to a review of the judgment of the district court in the event that it imposed a lien upon their property. Such probably would be the better practice. This was clearly in the mind of the court of appeals in another case, and action taken accordingly, as appears from the opinion by Judge Gunter, in *Wilson v. Lunt*, 17 Colo. App. 48. He says: "We are asked by appellant to enter final judgment. This we decline to do, as it might deprive appellee of the opportunity to have this ruling reviewed by the supreme court in the event appellant prevails upon the retrial below." That the apprehension of the learned judge was well founded we have determined in this case; and while the solution which we have reached deprives the complaining parties of the right to a hearing in the supreme court which might have been theirs had the court of appeals not made its own judgment but simply remanded the case for a new trial, we see no escape from the conclusion that, where on appeal or writ of error pending in the court of appeals, of which the supreme court has not jurisdiction, the court of appeals enters final judgment itself, or directs the lower court to tender a specific judgment, such judgment is not the subject of review in either appellate court of this state.

The motion is therefore sustained and the writ of error must be dismissed.

*Writ of error dismissed.*

GABBERT, C. J., not participating.