[No. 3840.]

ARCHULETA MERCANTILE CO. v. ORTIZ.

1. COURT OF APPEALS—*Jurisdiction.* To confer jurisdiction upon this court, of an appeal transferred to it from the supreme court, (1) the appeal must have been perfected by the filing and ap-

proval of the bond, (2) it must have been docketed in the supreme court, in the manner and within the time prescribed by the statute then in force, (3.) the required order for the transfer must have been made by the supreme court.

2. APPEAL—*Failure to File Transcript in Time.* Where in an appeal to the supreme court, transferred to this court, transcript of the record was not filed in the former court within the statutory time, no extension having been granted, the appeal will be dismissed.

*Appeal from Archuleta District Court.* HON. CHAS. A. PIKE, Judge.

Messrs. EMIGH & GREENLEE, for appellant.

Mr. CHAS. A. JOHNSON, for appellee.

On motion to dismiss. Dismissed without prejudice.

*Per Curiam.*—Judgment was rendered by the district court against the appellant in the sum of $3,224.50 on June 20, 1911. An appeal from the judgment was allowed and thirty days given within which to file the appeal bond in the amount fixed by the court. The appeal bond was filed and approved on July 17th. What purports to be a "transcript of the record of judgment" in the action, certified by the clerk of the district court, with the seal of the court attached, was filed in the office of the clerk of the supreme court and the appeal was docketed therein, on September 27th. The cause was transferred to this court by order entered in the supreme court on October 2nd. Afterwards a motion to dismiss the appeal, and brief in support of it, entitled in the supreme court, and signed by appellee's attorney, were filed in this court; and an answer brief on the part of the appellant, also entitled in the supreme court, has been filed here. Notwithstanding this irregularity in the form of the motion

and briefs, we have thought it best to consider them and determine the motion.

The motion to dismiss the appeal appears to be based upon the grounds, first, that the appellant "has failed to file herein any bill of exceptions;" and, second, that the "partial record herein shows that   *   *   *   said appeal bond was filed and approved herein more than thirty days next before the first day of the present term of this honorable court, and no sufficient transcript of record in said case was ever filed herein on or before the third day of said term;" and, third, that "in filing the pretended transcript of record herein appellant has wholly failed and neglected to bring any assignment of errors herein, in conformity with rule eleven." From the exceedingly short brief in support of the motion we understand that appellant relies upon the second and third specific grounds above stated, as no other is discussed. It will be assumed for the purpose of the present decision that the appeal was properly made under the law in force at the date of the filing and approval of the appeal bond in the district court. Nothing has been suggested by counsel in this regard, and we do not consider it to be our duty to investigate the question at this time. In any case, the appeal, if duly made, must have been prosecuted in accordance with the provisions of the code of civil procedure, as it appears in the revision of 1908, governing appeals to the supreme court, except in so far as such provisions may have been changed by the act of 1911 by which this court was established.

In this view, since appellant failed to file any authenticated copy of the record of the judgment

appealed from in the office of the clerk of the supreme court, on or before the third day of the September term, and likewise failed to ask for any order extending the time for that purpose, there seems to be no alternative but to order the dismissal of the appeal. Code of Civil Procedure, Rev. Stat. 1908, section 424; *Taylor v. Colorado Iron Works,* 29 Colo. 372; *Bowling v. Chambers,* 20 Colo. App. 113. The act establishing the court of appeals (laws of 1911, chapter 107) neither dispensed with the necessity of lodging the authenticated copy of the record of the judgment appealed from with the clerk of the supreme court, nor extended the time limit prescribed by said section 424 of the code. Section three of the act of 1911, which gives this court jurisdiction "to review and determine all judgments in civil cases  *  *  *  wherein appeals were perfected prior to the taking effect of this act," must be read in connection with section four of the act, which provides: "The statutes granting and regulating appeals  *  *  *  to the supreme court shall be, and the same are hereby repealed, and the jurisdiction of the supreme court on appeal  *  *  * shall  *  *  *  terminate upon the taking effect of this act, except for the purpose of entering the order of transfer hereinafter provided for. Such repeal, however, shall not operate as a dismissal of said pending appeals or of appeals perfected but not yet docketed; all such appeals shall, immediately upon organization of the court of appeals, or thereafter and upon the docketing thereof, be transferred by order of the supreme court to its docket for hearing and determination." The language "wherein appeals were perfected prior to the taking effect of

this act," in said section three, is understood to refer to cases in which appeals were perfected by the
filing and approval of appeal bonds under the provisions of the code; while "appeals perfected but
not yet docketed," in said section four, includes
any case, wherein the appeal bond had been filed
in the judgment court, but no transcript was filed in
the supreme court, at the time the act took effect.
Three things are then essential to the authority of
this court to hear and determine the appeal; first,
the appeal must have been perfected by the filing
and approval of the appeal bond; second, it must
have been "docketed" in the supreme court; and,
third, the required order must have been made transferring the cause to this court for hearing and determination.   In order to preserve the jurisdiction
of this court to hear and determine the appeal on
its merits, the transcript should have been filed and
the cause docketed in the supreme court, in the
manner and within the time as provided by the law
in force when the appeal was perfected, which could
only be section 424 of the code above mentioned.
The appellant having failed to comply with the requirements of this section, the subsequent docketing
of the appeal and order transferring it to this court
gave it no validity; and, therefore, it must be dismissed, but without prejudice to any right to a review by writ of error.   The order will be entered
accordingly.