King, J.,
delivered the opinion of the court.
September 15th, 1911, there was lodged in the supreme court an authenticated copy of the record in this cause, and thereafter the cause was transferred to this court.
October 2nd, 1911, the appellee, appearing specially for that purpose only, filed in this court, entitled as of the supreme court, a motion to dismiss the appeal on the following grounds: 1. That appellant did not file in this court an authenticated copy of the record of the judgment or decree appealed from, nor any copy thereof, within the time provided by law. 2. That this court is without *224 jurisdiction to review upon appeal for the reason that the judgment or decree appealed from does not amount to the sum of five hundred dollars and does not relate to a franchise or freehold.
May 17th, 1911, appellee obtained judgment in the district court in and for the City and County of Denver for the sum of $258.90 and costs of suit, and for the cancellation of a certain contract between plaintiff and defendant for the sale of real estate by plaintiff to the defendant. An appeal to the supreme court was prayed and allowed on condition that a bond in the sum of five hundred dollars to be approved by the clerk be filed within fifteen days after said 17th day of May, and sixty days’ time was allowed in which to prepare and tender a bill of exceptions. The bond was approved and filed May 25th, 1911, and the appeal thus made, and thereafter an authenticated copy of the record of the judgment or decree appealed from should have been filed in the supreme court on or before September 13th, 1911, under section 424 Code of Civil Procedure, Pev. Stat. 1908. No further time having been granted by the supreme court for the filing of said transcript of the record, the motion must be sustained and the appeal dismissed for a failure to file in the supreme court an authenticated copy of the record of the judgment or decree appealed from within the time provided by law. — Taylor v. Colo. Iron Works, 29 Colo. 372; Sec. 422 Code Civ. Proced.
The judgment appealed from was for a less sum than five hundred dollars and did not involve a franchise or a freehold, and therefore the supreme court was without jurisdiction to entertain the ap *225 peal, and for that reason the appeal must be dismissed.
Counsel for appellant in their brief ask that in case of a dismissal of the appeal the action be reentered as pending on writ of error, as provided by section 424, Code of Civil Procedure. ' Such order cannot be made except in cases where the appellee has appeared and jurisdiction of his person is obtained by such appearance, or where he has in some manner waived the necessity of service of summons to hear errors. .
Brady v. People, 45 Colo. 364; Johnston v. Eagle Sampling Co., 46 Id. 182; Callbreath v. Hug, 48 Id. 202; D. & R. G. R. R. Co. v. Casady, 50 Id. 351.
In this case appellee made special appearance for the purposes only of the motion to dismiss and upon the grounds specified in the code. Such appearance does not constitute a waiver.
Callahan v. Jennings, 16 Colo. 471, 473; Robertson v. O’Reilly, 14 Id. 441, 444; Law v. Nelson, Id. 409, 411.
In Law v. Nelson, supra, the court said that a motion to dismiss an appeal for statutory grounds was not a waiver as to jurisdiction of the person, even though the appearance was not in terms limited to the purposes of such motion.
The appeal is accordingly dismissed without prejudice to a writ of error.